# Wojciechowski v. Johnkowski.

*Evidence—Depositions—Practice, C. P.*

Where a deposition has been taken under an agreement that it should be used in the case at trial and certain other cases, " reserving the right to object to anything that was irrelevant," and the deposition contains testimony that is material and relevant, an objection cannot be made to the admission of the entire deposition.

*Principal and agent—Borrowing money to pay debt of principal.*

A person who has loaned money to a priest to pay a note due by the church of the priest to a bank, and the money loaned has been so used, may recover from the church the amount of the loan, although the priest had no authority to borrow the money. In an action against the church by the lender of the money, the note of the church to the bank is properly admissible in evidence.

*Appeals—Assignments of error—Bills of exceptions.*

An assignment of error which refers to two distinct bills of exception violates the rules of the Superior Court, and will not be considered.

Argued Oct. 25, 1900. Appeal, No. 83, Oct. T., 1900, by defendants, from judgment of C. P. Northumberland Co., Sept. T., 1897, No. 576, on verdict for plaintiff in case of Stanislaus Wojciechowski v. Louis Johnkowski, Walenty Jarka, Joseph Boezek, Enoch Fatz, Thomas Kulick and others, constituting the congregation of the Saint Joseph's Polish Roman Catholic Church of Mt. Carmel, Pa. Before RICE, P..J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for money had and received.  Before SAVIDGE, P. J.

At the trial the court, under objection and exception, permitted the plaintiff to testify that he had loaned the Rev. T. Jakamowicz $600, which was to be used to pay the debt of the defendant's church. [1–6]

The court admitted under objection and exception the entire deposition of Mr. Jakamowicz, showing that he had borrowed the money in controversy with which to pay a note given by the church to a bank, and that the money had been so used. [7]

The court admitted under objection and exception the note from the church to the First National Bank of Mt. Carmel. [8]

The court charged in part as follows :

[It appears from the testimony of the witnesses, who are familiar with the laws of the church, and from their interpretation or translation of the laws of the church, that a priest in charge has no authority to create a church debt, nor has he authority to borrow money without the sanction of the bishop for the purpose of liquidating a church debt already existing. However, as a matter of equity and right if the priest in charge borrows money for the purpose of liquidating a church indebtedness and uses the money for that purpose, the congregation, the church, the society, you will understand, ought to pay the party loaning the money, and in my judgment the law will compel them to pay.] [13]

[Jakamowicz, in his disposition taken in Chicago for the purpose of use in this trial, says he borrowed this money for that purpose and he paid it on that note.  The note was paid beyond question.  Was it paid with this money, or was this money, as is contended by the defense, received by Jakamowicz for the purpose of deposit, as he put it, and as is contended by the defense, he was on or about that time receiving money from other parties ; and did he use it as is contended for the defense for his own purpose ? ] [14]

[Now you have all the evidence before you.  You understand it thoroughly.  You have the books.  You know how the entries are there made.  Your attention has been called to it by counsel.  I believe they generally show that the money was received on deposit.  However, that does not necessarily make it so.  It is for you to take those books and the entries,

add the statement and testimony of all the witnesses and all the facts and circumstances surrounding the transaction into consideration, and determine carefully and fairly for yourselves whether this indebtedness was, or was not paid, this Harvey note, with the money of the plaintiff, Wojciechowski. If it was, there ought to be a verdict in this case in favor of the plaintiff for the amount of the note, $600, together with interest from August 19, 1895, and you would calculate your interest and add it in with the amount of the note, bringing in a lump sum.] [15]

[So, I say to you in short again, as I have already said two or three times, that the result of this case will depend upon whether or not you find that this money was used in the payment of a church debt, or whether it was left with Jakamowicz on deposit and used by him, for some other purpose. If used for the payment of a church debt, then there ought to be a recovery. If these church debts were paid by these contributions, these collections, as contended by the defendants and not paid by this money, then the society cannot be held responsible.] [16]

Verdict and judgment for plaintiff for $811.08. Defendant appealed.

*Errors assigned* among others were (1–8) rulings on evidence, quoting the bill of exceptions. (13–16) Above instructions, quoting them.

*William W. Ryon* and *George B. Reimensnyder*, for appellants.—The rules of a church organization constitute the law for its government, and the civil courts will in general recognize and enforce these as any other voluntary agreement between the parties: Tuigg, Trustee, etc., v. Treacy, 104 Pa. 493.

It was incumbent upon the plaintiff to show that the acts of Jakamowicz were within the scope of his written authority which they failed to do: Central Pennsylvania Tel. & Supply Co. v. Thompson, 112 Pa. 118; Whiting & Co. v. Lake, 91 Pa. 349.

It is error to submit to the jury a question of whether the parties subsequently ratified the act of a person acting without authority, where there is no evidence that the facts were ever communicated to the parties, or that he assented to the acts alleged to be done for him: Moore v. Patterson, 28 Pa. 505.

*W. H. M. Oram*, with him *Walter & Vought* and *I. C. Kline*, for appellee.—Where one person has money which ex æquo et bono belongs to another, assumpsit will lie : Stoever v. Stoever, 9 S. & R. 434 ; Cunningham v. Garvin, 10 Pa. 366.

A corporation is estopped on a suit on a mortgage where it received the money and applied to corporate purposes from denying its right to execute the mortgage : Union Trust Co. of Pittsburg v. Mercantile Library Hall Co., 189 Pa. 263 ; Wayne Title & Trust Co. v. Schuylkill Electric Ry. Co., 191 Pa. 90 ; Meyerhoff v. Daniels, 173 Pa. 555.

Where an agent receives goods (note or money) for his principal on representations he has no right to make, the principal must return them or be subject to the representation : Flannery v. State Mut. Fire Ins. Co., 175 Pa. 387 ; Kauffman v. Keiper, 5 Northam. 244 ; Wanner v. Emanuel Church of Fleetwood, 174 Pa. 466 ; Siemens Regenerative Gas Lamp Co. v. Horstman, 24 W. N. C. 396 ; The Brig Odorilla v. Baizley, 128 Pa. 283 ; Goldbeck v. Kensington National Bank, 147 Pa. 267 ; Millward-Cliff Cracker Co.'s Est., 161 Pa..157 ; Pittsburg, etc., Coal, Coke & Iron Co. v. Allegheny Nat. Bank, 34 Legal Int. 313.

To maintain assumpsit the promise of the defendant need not be made immediately to the plaintiff himself ; or if made to one person for the benefit of another, the latter may, notwithstanding, maintain the action : Morrison v. Beckey, 6 Watts, 349 ; Blymire v. Boistle, 6 Watts, 182 ; Ramsdale v. Horton, 3 Pa. 330 ; Torrens v. Campbell, 74 Pa. 470 ; Guthrie v. Kerr, 85 Pa. 303 ; Directors of the House of Employment of Westmoreland Co. v. Murrey, 32 Pa. 178.

OPINION BY W. D. PORTER, J., March 19, 1901 :

There were certain facts which at the trial of this cause in the court below were undisputed. Rev. T. V. Jakamowicz was, from March, 1894, to November, 1895, the priest duly in charge of the defendant congregation. The title to the property was in Bishop McGovern, of the diocese of Harrisburg, who held the same in trust for the congregation. At the time Rev. Jakamowicz became the administrator, as priest of the parish, the congregation was legally indebted to the First National Bank of Mount Carmel in about the sum of $600. The debt

to the bank had been duly contracted, with full authority so to do by Jakamowicz's predecessor in the office of priest. The priest had authority to pay debts and to receive the revenues of the church. The jury found that the plaintiff loaned to Rev. Jakamowicz the sum of $600 for the purpose of paying the debts of the congregation, and that said money was by the priest applied to the payment of the debt of the congregation to the bank.

The defense upon the merits in the court below was, first, that the priest did not use the money of the plaintiff to pay the debt to the bank; second, that in the absence of a written permission from the bishop, the priest was without authority, under the statutes of the diocese, to borrow money from the plaintiff. The first ground was settled by the verdict of the jury to be untenable; and it is with the rulings of the court as to the effect of the absence of authority in the priest to borrow money that the specifications of error now deal. The first six specifications of error all relate to the admission of testimony, and the contention of the appellant is that this evidence ought not to have been admitted, for the reason that under the statutes of the diocese the authority of the priest to borrow money was required to be in writing, and it was not competent to show an authority conferred in any other manner. That written authority to the priest to borrow, not having been shown, all evidence as to his having borrowed money for the church and used it for church purposes was inadmissible. The manner in which the learned judge of the court below submitted the case to the jury takes the heart out of all these specifications of error. The learned judge withdrew from the consideration of the jury all evidence as to an express authority of the priest to borrow, and said to them that under the evidence the priest was without authority to borrow. The jury passed upon but two questions of fact, and the propriety of submitting those questions to the jury will be discussed in disposing of the concluding specifications of error.

The seventh assignment of error complains of the admission of the deposition of Rev. Jakamowicz. The objection was to the admission of the entire deposition. The record shows that this deposition was taken under an agreement that it should be used in this and certain other cases, "reserving the right to object to anything that was irrelevant." This deposition did

certainly contain testimony that was material and relevant, and to have thrown out the whole deposition would have been flagrant error. If the defendants desired to object to the admission of certain questions which they thought irrelevant, the objection ought to have been made to those specific parts. There was no error in admitting the deposition. The note, the admission of which is made the subject of the eighth and tenth specifications of error, evidenced the admittedly valid claim of the bank against the congregation, and it was clearly proper for the plaintiff to show that his money had been used to pay that very debt. In the admission of the note in evidence there was no error. The ninth specification of error refers to two distinct bills of exception, and, under the rules of this court, cannot be considered.

The remaining specifications of error (twelve to sixteen inclusive) raise practically one question, which lies at the foundation of the plaintiff's claim. The plaintiff was permitted to recover upon the ground that the priest had borrowed his money upon the agreement that it should be used to pay the debt of the church, and that it should subsequently be refunded by the congregation; and that the money was so actually applied, to a valid debt of the church, by the priest. The learned judge charged the jury as follows, in part: "It appears from the testimony of the witnesses, who are familiar with the laws of the church, and from their interpretation or translation of the laws of that church, that a priest in charge has no authority to create a church debt, nor has he authority to borrow money without the sanction of the bishop for the purpose of liquidating a church debt already existing. However, as a matter of equity and right, if the priest in charge borrows money for the purpose of liquidating a church indebtedness and uses the money for that purpose, the congregation, the church, the society, you will understand, ought to pay the party loaning the money, and, in my judgment, the law will compel them to pay." This undoubtedly gave the jury to understand that the congregation might become liable for money borrowed by the priest, in the absence of an express written authority from the bishop to the priest to borrow. The jury were plainly told that the evidence did not warrant the finding that the priest had, by an instrument in writing, been authorized to borrow money. The

only question properly involved upon this branch of the appeal is as to the sufficiency of the facts submitted by the court and found by the jury, to raise an applied assumpsit upon the part of the congregation to reimburse the plaintiff for the money which he loaned.

The defendant congregation was lawfully indebted to the bank. It was the duty of the priest to collect money from the congregation and pay the bank. The priest was without authority to borrow money in any other quarter and pay the bank. He did induce the plaintiff to loan him for the congregation the sum of $600, to be used for the purpose of discharging the debt of the bank. This mere act of lending and borrowing did not render the congregation liable to the plaintiff, for if the priest had applied the money to any other purpose the plaintiff could not have recovered from the congregation. Until the congregation ratified the act of the priest, the fund thus placed in the hands of the latter did not become the property of the church. The priest did actually pay the $600 to the bank, thus discharging the obligation of the congregation. When these facts came to the knowledge of the congregation they were bound either to ratify or disaffirm the action of the priest with regard to the subject-matter as an entirety. If they ratified, then they must pay. If they disaffirmed, the debt to the bank still remained unpaid, so far as the congregation was concerned, and the plaintiff would be subrogated to the rights of the original creditor. The congregation undertook to garner the fruits of the transaction without assuming the obligation which it involved. They said to the plaintiff, " Our debt to the bank is paid, but we decline to reimburse you for your money which has been used for the purpose of discharging our obligation." This they could not do. Whether the priest was authorized to borrow the money or not, it is clear that the congregation cannot have the benefit of plaintiff's money, and, at the same time, repudiate the contract by means of which it was obtained. Neither an individual, nor an association, incorporated or unincorporated, can reap the fruits of an agent's unauthorized contract, and, at the same time, repudiate the contract: Millward-Cliff Cracker Company's Estate, 161 Pa. 157; Myerhoff v. Daniels, 173 Pa. 555 ; Wayne Title & Trust Company v. Schuylkill Electric Railway Company, 191 Pa. 90.

The judgment is affirmed.