## Armen v. Frederick, etc.

*Frank E. Reed,* for plaintiff.

*A. G. Helbling,* for defendants.

SOHN, J., November 22, 1947.—R. C. Armen filed a complaint in assumpsit against John J. Frederick, individually and trading as Marion Hill Grill, defendant.

In the complaint it is alleged that defendant operates a tavern and restaurant business in Rochester Township, in this county, known as the Marion Hill Grill. Plaintiff alleges that defendant, in 1942, prior to his induction into the armed forces of the United States, orally, and by letter of attorney in writing, appointed his wife, Florence Frederick, as manager, agent and attorney-in-fact for him in the operation of his said business, with full authority to borrow money and give security therefor. It is alleged that Florence Frederick was, and acted for defendant as manager, agent, and attorney-in-fact of defendant's business. Plaintiff alleges that at defendant's request, he made cash advances and loans to defendant totaling $2,500 for use in the operating, improving and defraying expenses of the business of the Marion Hill Grill. It is alleged that said loans and advances were made at the special request of defendant, through his manager, agent, and attorney-in-fact, Florence Frederick, who did so on the business of defendant and within the scope of her authority, power and employment. It is alleged that on November 20, 1944, defendant, acting through his manager, agent and attorney-in-fact, Florence Frederick, within the scope of her authority, executed and delivered a promissory note in the sum of $2,500. A copy of the note is attached to the complaint. Plaintiff alleges that upon the return of defendant from the armed forces, defendant ratified and

approved the execution and delivery of the promissory note.

The note referred to in these proceedings was the subject of litigation in Armen v. Frederick, 59 D. & C. 115, where, upon our opinion and order, a judgment entered by confession on the power of attorney in the note was stricken from the record. The letter of attorney referred to in plaintiff's complaint is of record in the office of the Recorder of Deeds of Beaver County. In it defendant empowers his wife "to do and perform all matters and things, transact all business, make, execute and acknowledge all contracts, orders, deeds, writings, assurances and instruments which may be requisite or proper to effectuate any matter or thing appertaining or belonging to me, and especially granting to her the power to apply for and renew my restaurant liquor license No. R 16644 and in my name and stead execute the necessary liquor bond, with the same powers and to all intents and purposes with the same validity as I could, if personally present; hereby ratifying and confirming whatsoever my said attorney shall or may do by virtue hereof, these presents to be in effect for the duration of my stay in military service."

Defendant filed preliminary objections to the complaint. The first objection is that the wife had no authority to borrow money. Plaintiff alleges that the money was used in operating, improving, conducting and defraying expenses of defendant's business. There is also an allegation that defendant ratified and approved the borrowing of said sums of money and ratified and approved the execution and delivery of the promissory note. In Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444, Judge Porter said:

"Whether the priest was authorized to borrow the money or not, it is clear that the congregation cannot have the benefit of plaintiff's money, and, at the same time, repudiate the contract by means of which it was

obtained. Neither an individual, nor an association, incorporated or unincorporated, can reap the fruits of an agent's unauthorized contract, and, at the same time, repudiate the contract: Millward-Cliff Cracker Company's Estate, 161 Pa. 157; Myerhoff v. Daniels, 173 Pa. 555; Wayne Title & Trust Company v. Schuylkill Electric Railway Company, 191 Pa. 90."

The allegations of plaintiff sufficiently raise a question of fact which should be determined by a jury if, upon trial, plaintiff offers testimony to show that defendant received the benefits of the money, or if plaintiff produces evidence of an express ratification of the loan by the defendant.

Defendant avers that the power of attorney does not authorize the wife to borrow money, nor does it empower her to execute and deliver a note. An examination of the power of attorney shows no express authority in the wife to borrow money, nor any express authority to execute and deliver a note: A. L. I. Restatement of the Law of Agency §74 reads:

"Unless otherwise agreed, an agent is not authorized to borrow unless such borrowing is usually incident to the performance of acts which he is authorized to perform for the principal."

A. L. I. Restatement of the Law of Agency §76, reads:

"Unless otherwise agreed, an agent is not authorized to execute or endorse negotiable paper unless such execution or endorsement is usually incident to the performance of the acts which he is authorized to perform for the principal."

Whether the wife had authority to borrow money and to execute and deliver the note may, in view of the allegations in the complaint, become a question of law to be determined by the court upon trial. It may be a question of fact to be determined by the jury. We are of the opinion that these objections should be decided at the trial of the case. Plaintiff may be able to prove

a cause of action even though we determine the wife had no power to borrow money. This because plaintiff alleges defendant did receive the benefit of the money and ratified and approved the loan.

Defendant alleges that the complaint is not specific as to whether the authority upon which plaintiff relies is contained in the letter of attorney or in some other power of authority and that the alleged power and authority is not pleaded with sufficient particularity. In the statement, it is alleged that defendant appointed his wife, Florence Frederick orally, and by letter of attorney in writing. The determination of these questions should be reserved until the court has ruled on the offers of proof made by plaintiff upon the trial of the case.

Defendant alleges that the complaint is not pleaded with sufficient particularity in that it fails to set forth the time, place and circumstances of the acts alleged to constitute ratification or approval of the loan. In the complaint it is alleged that defendant, upon his return from the armed forces, did, by oral word, act and acquiescence ratify and approve the borrowing of said sums of money by his manager, agent and attorney-in-fact, Florence Frederick, and in like manner ratified and approved the execution and delivery of the note as security for repayment. We are of the opinion that these allegations are a sufficient compliance with the requirement of Pa. R. C. P. 1019(a) that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form".

Defendant contends that the complaint is ambiguous in that it fails to specify whether the suit is brought upon a note or upon open account. Plaintiff alleges that defendant appointed his wife his attorney-in-fact orally, and by letter of attorney in writing. Plaintiff further alleges that defendant ratified and approved the borrowing of money and the execution and delivery

of the note. Whether evidence offered by plaintiff upon the trial of the case is admissible or sufficient must be determined upon the trial of the case, after plaintiff has offered testimony and the court has ruled on the admissibility of the testimony offered. Pa. R. C. P. 1019 (*h*) provides in part: "A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. . . ." We are of the opinion, because of the foregoing requirement, that the plaintiff should *specifically* allege in the complaint whether his claim is based on the authority contained in the letter of attorney. We believe rule 1019 (*h*) contemplates a *specific* allegation that plaintiff relies on the writing, if such be the fact.

Defendant alleges that the complaint is not pleaded with sufficient particularity in that it fails to specify the dates or amounts which it is alleged total $2,500. Plaintiff alleges that between March 1944 and November 20, 1944, he, at defendant's request, from time to time, made cash advances and loans to defendant totaling $2,500. We are of the opinion that plaintiff should allege with particularity the dates upon which such advances and loans are alleged to have been made, and the amount involved in each transaction.

### *Order*

And now, to wit, November 22, 1947, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that defendant's preliminary objections to the complaint be sustained unless plaintiff, within 10 days from this date, amend the complaint so as to specifically state whether the claim is based upon a writing, and unless plaintiff specifies the amounts of advances and loans and the dates upon which advances and loans are alleged to have been made. If plaintiff so amends the complaint, defendant's preliminary objections to the complaint will thereupon be dismissed.