## Hancock, Appellant, *v.* McAvoy.

[Marked to be reported.]

*Burial lots—Right of interment—Ejectment.*

A grant of the exclusive right of interment in certain burial lots, subject to the regulations of a cemetery company, conveys no such interest in the land as will support an action of ejectment.

Argued March 24, 1892. Appeal, No. 132, Jan. T., 1891, by plaintiff, Geo. W. Hancock, from judgment of C. P. No. 4, Phila. Co.. Oct. T., 1888, No. 341, on verdict for defendant, Thos. B. McAvoy. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Ejectment for cemetery lots.

The facts appear by the opinion of the Supreme Court.

The court below, ARNOLD, J., directed a verdict for defendant.

*Errors assigned* are immaterial in view of the decision.

*Henry J. Hancock, John G. Johnson* with him, for appellant. —Has appellant such an interest in land that ejectment will lie? Ejectment is a possessory remedy: Cooper v. Smith, 9 S. & R. 26. It lies for coal mine: Comyn v. Kyneto, 1 Cro. Jac. 150; Whittingham v. Andrews, 1 Salk. 255; Cottingham v. King, 1 Burr. 629; Caldwell v. Fulton, 31 Pa. 475; Scranton v. Phillips, 94 Pa. 20; Fairchild v. Dunbar Furnace Co., 128 Pa. 497; Thompson v. Mattern, 115 Pa. 501; Grotz v. Coal Co., 1 Kulp. 57; Weakland v. Cunningham, 7 Atl. R. 148; cattle gate: Mellington v. Goodtitle, 1 Andr. 107; titles: 2 Ld. Raym. 789; common of pasture: Newman v. Holdmyfast, 1 Str. 54; first crop of hay or primam tonsuram: Ward v. Petifer, Cro. Car. 362; herbage: Wheeler v. Toulson, Hard. 330; fishery: King v. Alresford, 1 T. R. 361; dams: Jackson v. Buel, 9 Johns. 298; free farm rent: 2 Wash. R.

Prop., p. 293; right to take hay, grass, etc.: King v. Inhabitants of Stoke, 2 T. R. 452; leased stable: Rowan v. Kelsey, 18 Barb. 484; soil of road or highway: Adams v. Emerson, 6 Pick. 59; boiler, engine and stack: Hill v. Hill, 43 Pa. 521, 526; rent reserved with clause of re-entry: Kenege v. Elliott, 9 Watts, 258; Newman v. Rutter, 8 Watts, 51; money charged on land: Galbraith v. Fenton, 3 S. & R. 359; exclusive grant of oil rights: Bronson v. Lane, 91 Pa. 153; Brown v. Devitt, 131 Pa. 455; Buchanan v. Hazzard, 95 Pa. 240; undivided interest in land: McMahan v. McMahan, 13 Pa. 376; space occupied by overhanging wall: Sherry v. Frecking, 4 Duer, 452; highway: Etz v. Daily, 20 Barb. 32; easement: Pittsburgh & C. R. R. v. Bruce, 102 Pa. 23; Oliver v. Ry., 131 Pa. 408; surface of ground occupied or used for railway purposes: Wheeling P. & B. R. R. v. Warrell, 122 Pa. 613; Lozier v. N. Y. Cent. R. R., 42 Barb. 465; Sharpe v. St. Louis, etc., R. R., 49 Ind. 296; Wager v. Troy Union R. R., 25 N. Y. 526; Wright v. Carter, 3 Dutch. 76.

The action lies wherever the sheriff is able to give possession and plaintiff has a right to possession of stratum or horizontal section of surface of earth.

The deed here contained apt words of the grant of a qualified or base fee: Mount Moriah Cem. Ass'n v. Com., 81 Pa. 235, 2 W. N. 246. This is not the case of a church corporation or body with limited powers granting right of burial, as in Kincaid's Ap., 66 Pa. 411, where there was no right or title to the soil nor right of sepulture in any particular lot: Craig v. Church, 88 Pa. 42. Such organizations have no power to sell the fee: Vielie v. Osgood, 8 Barb. 130. The case is different with independent cemeteries: 17 Am. L. Rev. 199; 19 Am. L. Reg. N. S. 69; Brick Presbyterian Church, 3 Eds. Ch. 165; 4 S. & Ch. 474; Cemetery Case, 4 Bradf. 510. A sepulture is defined as a monument or tomb, which latter is a part of the realty and the action belongs to the heir: Coke, Lit. 18 b; Sabin v. Harkness, 4 N. H. 417; Meagher v. Driscoll, 99 Mass. 281; Van Leuven v. Lyke, 1 N. Y. 515; Hall v. Hodskins, 30 How. Pr. 27; Read v. Edwards, 17 C. B., N. S. 245.

A grant of the exclusive use is a grant of the thing itself: Buzzard v. Capel, 8 B. & C. 150; Anderson v. Greble, 1 Ash. 138; Morris v. Phaler, 1 Watts, 389; Sill's Ap., 1 Gr. 235.

A horizontal layer may be conveyed: Claremont Bridge v. Royce, 42 Vt. 730; Hewlins v. Shippam, 5 B. & C. 221; Rex v. Chelsea Water Works, 5 B. & Ad. 156; Dark v. Johnston, 55 Pa. 167.

The conveyance here was not an easement merely, for easements are not properly assignable nor can they be inherited: Tinicum Co. v. Carter, 61 Pa. 21.

Recording the deed is a contemporaneous interpretation by the parties. Such interpretation is entitled to weight: Berridge v. Glassey, 112 Pa. 442.

The words of grant rebut the idea of an easement. Words are to receive their natural construction: Hannum v. West Chester, 70 Pa. 367.

In Bennett v. Culver, 27 Hun, 554, ejectment was sustained for cemetery lots. In Seymour v. Page, 33 Conn. 61, the grantee of premises for burial purposes was held to have a qualified fee. See also Queen v. St. Martin's, 2 Gale & Dav. 434.

There is no power in the courts by an ex parte proceeding to change the use and convert burial lots into building lots: Stockton v. Mayor, 42 N. J. Eq. 531; Rousseau v. Troy, 49 How. Pr. 492; Chatham v. Brainard, 11 Conn. 66; Evergreen Cemetery v. New Haven, 43 Conn. 234; Lake View v. City, 44 Ill. 81; Gumbert's Ap., 110 Pa. 496; Moreland v. Richardson, 22 B'eav. 596.

*Silas W. Pettitt, John R. Read* with him, for appellee.— The judgment in the court below was based on two grounds: (1) that plaintiff had no title; (2) that even if he had title he had no right to maintain ejectment. While it is true that in Pennsylvania the action of ejectment is a possessory one, it is also well settled that the right to use a lot for burial purposes is a usufructory one only—a mere license, and not the subject of ejectment: Kincaid's Ap., 66 Pa. 411–420; affirmed in Craig v. Church, 88 Pa. 42–51.

Where the grant was of " the exclusive right and privilege of boring for salt, oil, or minerals " upon certain land, it was held that, under the authority of Funk v. Haldeman, 53 Pa. 229, it was not a conveyance of the mineral, but only a right to sever and take it, and the only possession to which the

grantee was entitled was such as was necessary to an exercise of that right, and therefore the remedy for the disturbance of the right was in case and that ejectment could not be maintained: Union Pet. Co. v. Bliven Pet. Co., 72 Pa. 173–181.

The criterion established by this court has been stated as follows: " In order to ascertain whether an instrument must be construed as a lease or a license, it is only necessary to determine whether the grantee had acquired by it any estate in the land, in respect of which he might bring ejectment. If the land is still to be considered in the possession of the grantor the instrument will only amount to a license : " Funk v. Haldeman, 53 Pa. 229–243.

The amendment to the charter giving the company power to sell their lands for other purposes than burial purposes, is constitutional: Kincaid's Ap., 66 Pa. 411–420 ; Craig v. Church, 88 Pa. 42–51 ; Twenty-second St., 102 Pa. 108; Hare on Const. Law, 651, 652.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

As well stated by appellant in the opening sentence of his argument, " The question first presented for decision is, whether the interest conveyed, under the original deed of Tilford to Lisle, is such an interest in land as will support an action of ejectment."

The thing conveyed by the deed referred to, as the same is described therein, is " the exclusive and entire right of interment or sepulture in all and every of those two hundred burial lots in the Philadelphia Cemetery, situate," etc., " marked in the map or plan of said cemetery with the numbers 5, 9," etc.; " together with all and singular the ways, avenues, passages, rights, liberties, privileges, improvements, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining and the reversions and remainders thereof ; to have and to hold the same with the appurtenances unto the said John M. Lisle, his heirs and assigns to and for the only proper use and behoof the said John M. Lisle, his heirs and assigns forever, for the uses and purposes of sepulture only, and to and for no other use, intent or purpose whatsoever, subject to all the rules, regulations, conditions and restrictions contained and set forth in the articles of association made and

adopted or which may hereafter be made and adopted by the corporators or managers of said cemetery for the government of lot owners or visitors to the cemetery, and the burial of the dead, and in and by any by-laws made and adopted or which may hereafter be made and adopted in pursuance of the said articles of association or of the act of assembly incorporating said company."

It thus appears by the deed, that all the vendee acquired thereunder was " the right of interment or sepulture," in the lots described therein and declared to be held " for the uses and purposes of sepulture only and to and for no' other use, intent or purpose whatsoever." The right, thus sharply defined and limited, is also subject to all the rules, regulations, conditions and restrictions contained and set forth in the articles of association, made and adopted, or which might thereafter be adopted by the corporators or managers of the incorporated cemetery company.

The language of the deed evidently contemplates possession and general control of the cemetery grounds, etc., by the company. The grantee in the deed acquired no such interest in the lots, nor such right of possession, as will support an action of'ejectment. That action will not lie for a mere license, an incorporeal hereditament, nor for a mere right of way, nor an easement: 6 Am. & Eng. Enc. Law, 232; Adams on Ejectment, 16. As was said in Black v. Hepburne, 2 Yeates, 333: " Ejectment will only lie for things whereof possession may be delivered by the sheriff." If a recovery in ejectment,— founded on a mere right or license such as that acquired by the grantee in the deed above referred to,—were permitted, how could the sheriff, under a writ of habere facias, put the plaintiff in possession, without interfering with the rights, powers and duties of the cemetery corporation? In Kincaid's Appeal, 66 Pa. 411, one of the plaintiffs held a paper certifying that he was " entitled to two lots in the burying ground, . . . . to have and to hold the said lots for the use and purpose and subject to the conditions and regulations in the deed of trust to the trustees of said church." It was held that this was not a grant of any interest in the soil; that it was the grant of a license or privilege to make interments in the lots described, exclusive of others, so long as the ground should

remain the burying ground of the church; that while the license continued he could perhaps maintain trespass or case for any invasion or disturbance of it, whether by the grantors or by strangers, etc.

That case was cited approvingly in Craig v. The Church, 88 Pa. 42, in which it was also held that the right of sepulture in the burying ground of a church is not an absolute right in the soil, but a mere license or privilege.

In Union Oil Co. v. Bliven Oil Co., 72 Pa. 173, the grant to the defendant was of the exclusive right and privilege of boring for oil, etc., upon a farm. Subsequently, by partition, the title became vested in another who conveyed to plaintiff. It was held that the grant was a mere incorporeal hereditament and consequently ejectment could not be maintained. Referring to the grant, which was of "the exclusive right and privilege of boring for salt, oil or minerals," upon the McClintock farm, Mr. Justice SHARSWOOD says: "It was, therefore, as in Funk v. Haldeman, the grant of a mere incorporeal hereditament. Indeed, we do not understand this to have been controverted in the court below, nor has it been made a question in this court. It follows that the only remedy which the the plaintiffs had for the disturbance of their right was an action on the case. Ejectment they certainly could not have maintained." Funk v. Haldeman, 53 Pa. 239, above cited, is substantially to the same effect.

It follows from what has been said, that the right of sepulture, etc., was not an interest in the land, such as will support an action of ejectment. It is therefore unnecessary to consider whether the court erred in directing a verdict for defendant, and in other respects, or not. If, on the case presented by the plaintiff, he had no right to recover in an action of ejectment, he was not injured by any of the alleged errors of which he complains.

Judgment affirmed.