# Mannerback v. Pennsylvania Railroad Company.

*Deed—Exception—Reservation—Graveyard.*

An exception in a deed is always of part of the thing granted, and is the whole of the part excepted. A reservation is the creation of a right or interest, which had no prior existence as such in the thing or part of the thing granted.

A clause in a deed " excepting and forever reserving the graveyard on the lands hereby conveyed at all times hereafter to enter thereon without hinderance or denial of the said Daniel Spang, his heirs and assigns " constitutes an exception saving to the grantor the fee of the land used as a graveyard, and does not as a reservation create merely an easement in the land.

*Ejectment—Res adjudicata—Mistaken form of action.*

In an action of ejectment to recover land wrongfully occupied by a railroad company, the plaintiff will not be barred from recovery by the fact that he had previously brought a suit for damages against the railroad company for depreciation in the value of his land, where it appears that the verdict which the plaintiff had recovered in the previous suit had been set aside by the court on the ground that the form of the action was mistaken.

Argued Nov. 14, 1900.   Appeal, No. 48, Oct. T., 1900, by defendant, from judgment of C. P. Berks Co., Aug. T., 1897, No. 111, on verdict for plaintiff in case of George W. Mannerback et al. v. The Pennsylvania Railroad Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Ejectment for a lot of land in Cumru township.   Before ENDLICH, J.

From the record it appeared that in 1814 Daniel Bitting conveyed to Daniel Spang forty and one quarter acres of land " excepting and forever reserving the graveyard on the land hereby conveyed at all times hereafter to enter thereon without the hinderance or denial of the said Daniel Spang, his heirs and assigns."   Plaintiffs claimed that the clause above quoted constituted an exception in the grant, and not a reservation.

It also appeared that plaintiff's ancestor, Samuel Fix, in 1886, brought an action on the case against the railroad company to recover depreciation in the value of the land used as a graveyard, and that a verdict which he had recovered had been set aside by the court on the ground that he was mistaken in his form of action.

The jury returned a verdict for plaintiffs subject to the following points of defendant reserved :

1. The right of Daniel Bitting under the reservation in deed to Spang, dated April 2, 1814, was not of the ground on which the graveyard was located, but of the right to use the ground as a graveyard and the right to have access thereto for that purpose, and when the property was converted into one for the storage of powder, the right under the reservation ceased.

2. The right of Daniel Bitting under the reservation in deed to Spang, dated April 2, 1814, was not of the ground on which the graveyard was located, but of the right to use the ground as a graveyard, and the right to have access thereto for that purpose, and it did not constitute such ownership of the ground as would cause the contiguous ground on which a public road was located, to become the property of Daniel Bitting, his heirs or assigns, claiming title under the said reservation, upon the vacation of the road.

3. The graveyard reserved by Daniel Bitting, in deed dated

April 2, 1814, was a family burying ground pertaining to the Bitting family, and the reservation was of a right in Bitting and his family to use the ground for burial purposes, and not of a right to sell the property out of the family even for burial purposes, and the deed from Jacob Bitting to Samuel Fix therefore vested no title in the latter.

4. The reservation of Daniel Bitting in deed of April 2, 1814, was but a reservation for himself, and vested in him no right which he could convey or transmit to others.

5. The deed of Henry Binckley, sheriff, dated January 7, 1841, conveying property as estate of Jacob Bitting, bounded by the lands of Abraham Hoch, the graveyard, and others, presumptively passed whatever title Jacob Bitting had in the entire tract bounded by the Gerber graveyard, and the plaintiffs have submitted no testimony which rebuts the said presumption.

6. The plaintiffs have shown no title to the property described in the writ.

7. Samuel Fix, by bringing action to No. 57, June term, 1886, for the recovery of the amount of the depreciation in value of property in question, disentitled himself, even though he owned the said property, to a recovery of the property itself in an action of ejectment.

The court entered judgment for the plaintiffs on the verdict.

*Error assigned* among others was in entering judgment for plaintiffs on the verdict.

*Cyrus G. Derr*, for appellant.—The clause in the deed from Bitting to Spang, April 2, 1814, upon which the plaintiff's claim is based, is not an exception from the operation of the conveyance of the land on which the graveyard was located, but a reservation of the graveyard existing on the land conveyed, with the right of entry thereon: Kister v. Reeser, 98 Pa. 5; Klaer v. Ridgway, 86 Pa. 529; Whitaker v. Brown, 46 Pa. 197; Moffitt v. Lytle, 165 Pa. 173; King v. Murphy, 140 Mass. 255; Kilmer v. Wilson, 49 Barb. 86; Winston v. Johnson, 45 N. W. Repr. 958; Pearson v. Hartman, 100 Pa. 84.

Samuel Fix, by bringing an action on the case to recover the amount of the depreciation in value of his entire property,

which resulted from the construction of the railroad, waived any wrongful entry by the railroad company, and disentitled himself and those claiming under him to recover in ejectment: Terry v. Munger, 121 N. Y. 161.

*Jefferson Snyder*, of *Baer, Snyder & Zieber*, with him *W. B. Bechtel*, for appellee.—The clause in the Spang deed comes exactly within the definition of an exception and cannot, by any fair construction, be regarded as the reservation of a mere easement: Gould v. Howe, 131 Ill. 490; Mount v. Hambley, 33 App. Div. 103; Baker v. McDowell, 3 W. & S. 358; Shoenberger v. Lyon, 7 W. & S. 184; Whitaker v. Brown, 46 Pa. 197; Stambaugh v. Hollabaugh, 10 S. & R. 362; Foster & Co. v. Runk, 109 Pa. 291; Schuylkill Nav. Co. v. Moore, 2 Wharton, 477; Gibson v. Tyson, 5 Watts, 34; Truett v. Adams, 66 Cal. 218; Roberts v. Robertson, 53 Vt. 690; St. Clair Coal Co. v. Hughes, 11 W. N. C. 115; Hancock v. McAvoy, 151 Pa. 439; Stokely's Est., 19 Pa. 476.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901:

The first ground upon which the appellant plants his request for a reversal, is alleged error committed in the construction put by the court below upon certain language in the deed from Bitting to Spang. The clause is, " excepting and forever reserving the graveyard on the lands hereby conveyed at all times hereafter to enter thereon without hindrance or denial of the said Daniel Spang, his heirs and assigns." If this be an exception, it saved to the grantor the fee of the land used as a graveyard. If it be a reservation, the fee passed to the grantee. If a reservation, the plaintiff has no right of recovery, since the reservation would be but of an easement or incorporeal hereditament which will not ordinarily support an action of ejectment: Caldwell v. Fulton, 31 Pa. 483; Hancock v. McAvoy, 151 Pa. 464. The technical distinction between an exception and a reservation is well marked. The former is always of part of the thing granted and is the whole of the part excepted. The latter is the creation of a right or interest, which had no prior existence as such, in the thing or part of the thing granted: Kister v. Reeser, 98 Pa. 5; Whitaker v. Brown, 46 Pa. 197; Moffitt v. Lytle, 165 Pa. 173; 6 Am. & Eng. Ency. of Law (2d ed.), p. 515.

The deed, above mentioned, described a tract of land which included the graveyard. That which was withheld from the grantee, by the clause quoted, was a part of the tract conveyed. It was a piece of the land, described by the use to which it was then put. A "graveyard" is impossible of definition, if reference to the fact that it is a piece or parcel of land be denied. There was no creation of a right or interest which had no prior existence. Had the clause stopped with the word, "graveyard," no basis whatever could be found for the argument, so skilfully presented by counsel, that nothing but a right of burial was reserved. The words following, describing the graveyard as "on the lands hereby conveyed," followed by the reservation of a right of entry to the graveyard, are not those which a skilful conveyancer would have introduced. While it is true no allowance is usually made for unskilful use of language in construing deeds, yet we are constrained to regard the words appended to the exception of the graveyard as surplusage. This must be the result, if we are to view the subject-matter of the contract as "the mass of mankind would view it:" Foster v. Runk, 109 Pa. 295. If the exception has been supplemented by the reservation of rights, which were involved in, a part of, or incident to, the title reserved, this may not be construed to change the character of the exception, nor to indicate an intention at variance with the explicit and descriptive language used in the substantial part of the exception itself. The position of the exception in the deed does not aid the appellant's contention, since it matters not "in what part of the conveyance the reservation is made, whether in the premises, the clause of grant, the habendum or reddendum:" Stambaugh v. Hollabaugh, 10 S. & R. 362. We, therefore, find no basis for the appellant's contention that the clause quoted was a reservation of a right and not of an exception of a part of the land.

The appellant further contends that Samuel Fix (the executors of whose will are of the parties plaintiff) waived any wrongful entry by the railroad company by bringing suit for damages for depreciation in value of his land resulting from the construction of the railroad, thereby disentitling himself, and those claiming under him, to recovery in ejectment. The record of the suit referred to seems to have been offered in evidence. The statement of claim is printed in the paper-books before us,

together with an extract of a few lines from the testimony and the answer of the trial judge to a point of charge. We have thus but meager knowledge of the case. The appellee says in his argument, that the plaintiff there recovered a verdict which was set aside by the court on the ground that the form of the action was mistaken. The opinion of the trial judge in the motion for judgment non obstante, confirms the appellee's statement. The learned judge holds, as do we, that " there was nothing in the selection of an improper method of procedure which could stand in the way of the plaintiff's bringing another suit in proper form."

The fifth assignment (which alone remains undisposed of) relates to a matter of fact which was submitted by the court to the jury upon evidence which warranted such submission. We find nothing to sustain the assignments of error and the judgment is therefore affirmed.