## Gormley et al., Appellants, *v.* Boyce et al.

*Ejectment—Incorporeal hereditament—Judgment non obstante veredicto.*

In an action of ejectment to recover possession of a cemetery lot, both parties claimed the right of interment in the disputed area. The evidence established that a large tract of land of which the lot in dispute was a part, was conveyed to the Bishop of the Roman Catholic Diocese for "church purposes." Subsequently a part of the tract was allotted to the several parishioners for "burial purposes." Neither party claimed a fee in the soil.

In such case plaintiffs' right was an incorporeal hereditament to recover which ejectment will not lie, and judgment non obstante veredicto was properly entered for defendant.

Argued April 16, 1928. Appeal No. 42, April T., 1928, by plaintiffs from judgment of C. P., Butler County, June T., 1927, No. 176, in the case of Elizabeth Gormley, Katherine Gormley, Charles Gormley et al., v. Anna Boyce, Susan Boyce et al. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Ejectment for cemetery lot. Before GRAFF, P. J., 33d Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs. Subsequently the court entered judgment non obstante veredicto in favor of the defendants. Plaintiffs appealed.

*Error assigned* was the granting of defendants' motion for judgment non obstante veredicto.

*Zeno Henninger,* and with him *Marshall & Watson,* and *McKenna & McKenna,* for appellant.

*John H. Wilson* and with him *James M. Galbreath,* for appellees.

OPINION BY LINN, J., July 12, 1928:

The plaintiffs alleging that they are the children and heirs at law of Michael and Matilda Gormley, deceased, brought ejectment against defendants to recover possession, as they aver, "of a certain lot of ground [9 feet by 29 feet] lying in 'St. Alphonsus Cemetery, Marion Township, Butler County ......" When suit was brought the plot was occupied only by a monument erected by defendants "to the family of Michael Boyce, deceased." No interment had been made in the disputed area. Plaintiffs aver that they "have title to the said lot by allotment, assignment, gift and custom of the said church [St. Alphonsus] and by open, notorious, peaceable and adverse possession for more than twenty-one years prior to the entry by the defendants, by virtue of which titles they are entitled to the possession thereof ......"

Both 'sides agreed that by deed delivered in 1849 a tract of land, including that in dispute, was conveyed to the Right Reverend Dr. O'Connor "in trust for St. Alphonsus Church." The deed of trust is not printed in the record.

In the opinion of the court entering judgment n. o. v., it is stated that the land was conveyed "to the Bishop of the Pittsburgh Diocese of the Roman Catholic Church for church purposes." We have no other information of the terms of the trust. Plaintiffs aver that their parents, from whom they claim by descent under the intestate laws, were "pew renters in good standing, and in accordance with the customs of the said church, sometime prior to the year 1880, were allotted and assigned a certain lot of ground in the cemetery belonging to the said church on the lands purchased by the said deed [of 1849] for burial purposes"; and that the ground in dispute was part of the lot so assigned to them. Defendants aver that they are also members in good 'standing of St. Alphonsus

Church, and that part of the land in dispute was allotted to them in 1917 and part in 1918.

No documentary evidence of title in either plaintiff or defendant was produced. One of the plaintiffs testified that it had been the custom to allot ground "for burial purposes" in this cemetery. As we understand the evidence, a part of the ground in dispute wa's not allotted to the parents of the plaintiff, for Charles Gormley testified: "Father Morris told my sister to claim the lot to the fence in 1891." Plaintiff's parents died, one in 1895 and the other in 1898, and they were buried in their lot, adjoining the ground in dispute. There is no evidence that anyone received any right in the land except "for burial purposes."

We have then the conveyance of the tract "in trust for St. Alphon'sus Church," or for "church purposes," and an allotment to parishioners in good standing of part of the land "for burial purposes," and a dispute between the parties to this suit as to which of them received that privilege and became entitled to the right of interment in the disputed area. There is no pretense that either party had a fee in the soil; both hold under the tru'st; the evidence supports only the conclusion that neither received any greater right than to use the land for burial purposes. It is an incorporeal hereditament, to recover which it is well settled that ejectment will not lie: Hancock v. McAvoy, 151 Pa. 460, 461, and cases there cited.

Judgment affirmed.