## Mehaffey v. Manufacturers Light and Heat Company.

R. W. Knox, for plaintiff.

Weil, Christy & Weil and Marriner, Wiley & Wiley, for defendant.

HUGHES, J., June 9, 1930.—By an agreement dated June 8, 1886, Robert Mehaffey granted a right of way for a pipe line and a telephone and telegraph line to the Western Pennsylvania Gas Company, which was duly assigned to the Manufacturers Light and Heat Company. The consideration for the right of way was $1 and free gas to the dwelling house on the farm. Free gas was furnished as provided in the contract until May 15, 1922, when

the gas company refused to supply the free gas, as a result of which the plaintiff, the heir of the grantor, elected, as provided in the contract, to declare a forfeiture of the grant and all rights and privileges accompanying it or incident to it, and brings this action of ejectment. To the action so brought the defendant has demurred, claiming: (1) The præcipe does not show a cause of action in ejectment, but, on the contrary, shows ejectment does not lie; (2) the declaration does not state a cause of action in ejectment, but, on the contrary, shows that ejectment does not lie.

The præcipe in ejectment is as follows:

"Issue summons in ejectment in the above case for the premises whereof the following is a description to wit:

"A strip of land [right of way] one hundred and ninety-five rods in length and ten feet in width to lay, maintain and operate a pipe or pipes for the transportation and conveyance of the substance known as Natural Gas and construct, maintain and operate a telegraph and telephone line on said right of way through, over, upon and under the farm in Independence Township, Washington County, Pennsylvania, which farm contains 356 Acres more or less, and is joined by lands of J. A. Welch, on the East by lands of Robert Y. Meloy, on the South by lands of John Smith, on the West by lands of Ellis Jones, etc., with right, privileges, conditions, etc., as set forth in Deed Book 427, page 424, in the Recorder's Office for Washington County, Pennsylvania."

The declaration follows the language of the præcipe. In other words, the claim of the defendant is that the property involved, being termed a "right of way," ejectment is not the proper remedy. The term "right of way" in this agreement is used in a popular and not in a technical sense. It is conceded that ejectment will not lie for the recovery of an incorporeal hereditament, but because the property here involved, in common usage, is termed a "right of way," it does not follow that it is an incorporeal hereditament. We recognize the principle laid down in the line of cases following Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173, holding that a license to operate for oil and gas is an incorporeal hereditament for which ejectment is not the proper remedy, and also the line of burial lot cases following Gormley v. Boyce, 93 Pa. Superior Ct. 547, holding that ejectment will not lie for a grant of that type.

The grant here described is a right of way, but gives the grantee the right "to lay, maintain and operate a pipe or pipes for the transportation and conveyance of the substance known as natural gas, and construct, maintain and operate a telegraph and telephone line on said right of way, through, over, upon and under the farm, . . ." and it is these premises to which the præcipe and declaration refer. In Hancock v. McAvoy, 151 Pa. 460, it is said, "Ejectment will only lie for things whereof possession may be delivered by the sheriff." Could there be anything more corporeal than a strip of land occupied by pipe lines, telegraph poles and wires? Here the plaintiff is seeking recovery of the premises so occupied. Ejectment will lie to recover possession of the soil, subject to either a public or private easement over it: Tillmes v. Marsh, 67 Pa. 507; Goodtitle v. Alkers, 1 Barb. 133; Cooper v. Smith, 9 S. & R. 26. The owner of the fee can recover the land subject to the servitude, and the fact that the defendant in an action of ejectment has an easement or right in the nature of an easement in the land sought to be recovered does not bar the plaintiff's right of recovery: 9 R. C. L. 837, § 11.

And now, June 9, 1930, the demurrer is overruled and the defendant is directed to file its answer sec. reg.

From Harry D. Hamilton, Washington, Pa.