## JOHN READDY ET AL. v. BOR. OF SHAMOKIN. (1).

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHUMBERLAND COUNTY.

Argued May 26, 1890—Decided October 6, 1890.

1. A specification of error which alleges that the court erred in not affirming certain points presented for instruction, and which sets out the points but not the answers made thereto, is not in accordance with the Rules of the Supreme Court, and will not be considered on error.
2. Where a point is affirmed with a reference to what is said in the general charge upon the same subject, and the instruction in the general charge is not a qualification of the affirmance, it is not a reversible error that the point was not affirmed without the reference.
3. In an action against a borough to recover damages for injuries received in a fall from a defective pavement, the plaintiff testifying that she had no knowledge of the existence of the defect, and there being no direct evidence that she had, it was not error to submit the question of the plaintiff's contributory negligence to the jury.*
4. After a trial of the action on the merits, without objection raised in the court below that the amount of the verdict exceeded the amount properly recoverable under the narr, the objection will not be considered on error: "the pleadings are not of much account after a trial in the court below on the merits."

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 169 January Term 1890, Sup. Ct.; court below, No. 19 December Term 1886, C. P.

*Cf. Robb v. Connellsville Bor. ante 42.

Charge of Court below.

On September 18, 1886, John Readdy and Mary, his wife, in right of said wife, brought case against the borough of Shamokin, to recover damages for personal injuries received by said wife in falling upon a defective pavement. The first count of the narr described the injuries received, averred hindrance, etc., in the transacting of business, in consequence thereof, and expenses incurred in endeavoring to be cured, to wit, the expense of $200. In the second count it was averred that the plaintiff "hath sustained injury and damage of a like nature, description and extent as is set forth in said first count," and laid the damages at $2,500. Issue.

At the trial on May 9, 1889, it was shown, in substance, that in October, 1885, one Mrs. Robinson, owning a lot on Shamokin street in Shamokin borough, called upon the borough engineer to give her the grade upon which to lay a pavement; that the surveyor agreed to give her the grade, if one John Weir, who owned an adjoining lot, would agree to raise his pavement; that Weir agreed to do so and the grade was given to Mrs. Robinson, who made her pavement in accordance therewith; that Weir afterwards neglected to raise his pavement, as he had agreed to do, and an offset was thus left at the lot line of from ten to fifteen inches in height extending across the footwalk; that about 9 o'clock at night on May 5, 1886, Mrs. Readdy went to visit her daughter, and, taking Shamokin street, not usually traveled by her on such visits, and having no knowledge of the offset, she fell as she stepped over it and was severely injured.

At the close of the testimony, the court, ROCKEFELLER, P. J., having summarized the testimony, charged the jury in part as follows:

In cases of this kind it becomes necessary to ascertain whether the injury occurred by reason of any fault of the plaintiff. If the plaintiff was guilty of any negligence herself, which contributed to the injury, she cannot recover. [Where a person in going along a public highway knows of a defect and knowing it undertakes to cross, or pass along, and receives an injury, he cannot recover. In other words, a person, knowing a place to be dangerous, must exercise a greater amount of care in passing along than if he did not know of any such dangerous place.

Charge of Court below.

Now, whether Mrs. Readdy knew of the condition of the pavement or sidewalk, at the place where she received the injury, or not, I leave to you to determine. The only evidence that I recollect of on that subject is the testimony of Mrs. Readdy herself, who stated, you will recollect, that she did not know of this offset or defect in the pavement. She also said that she did not see it at the time she was injured. She stated that her usual course in going from her house to her daughter's house was down Rock street to Spruce, thence out Spruce to Shamokin, across Shamokin to Liebig's lot, thence through that lot to her daughter's house; that she went the same course back, and did not go along the eastern side of Shamokin street, and did not pass over the place where she received the injury. She stated that was usually so, but, still, she did state that on some occasions prior to the injury she had gone along Shamokin street, as I understood it, along by this place where she received her injury. Yet, she could not and did not fix any time when she so passed along that street, before the accident, or how long before; or, whether it was before the offset was made in the pavement, by raising one higher than the other, she was not able to state. But she says she did not know of this offset or difference in the height of the pavements, at the time of the injury. This, so far as I recollect it, is about all the evidence on this subject; no one ever saw Mrs. Readdy passing along at that place, so far as the evidence discloses, prior to the time she received the injury.] [4]

Every person is required to exercise the ordinary care which prudent people exercise in traveling the streets. And I charge you that if there is any evidence in the case that Mrs. Readdy failed to exercise such care as a reasonably prudent person would have exercised under the circumstances, she cannot recover. By that I mean, if there was negligence on her part, negligence in taking the risk of crossing or passing that place, or negligence in walking without seeing where she was going, she cannot recover. No matter what the negligence of the borough was, the plaintiff cannot recover if her negligence contributed to her injury.

There is another point which it is necessary I should call your attention to, and that is this: Cities and boroughs are not required to make repairs immediately upon a pavement or a street becoming in bad condition; they are only bound to do so

Charge of Court below.

upon notice.   If a sidewalk or any part of the public streets become dangerous, or in bad condition, the borough or city is not liable until the proper officers of such borough or city have notice, and then it becomes negligence on their part if they do not immediately put such street or sidewalk in reasonable repair and in a reasonably safe condition, and that is one of the questions you are to pass upon in this case.   It is alleged that the borough knew of the condition of this pavement. . . . .

Then there is another kind of notice called constructive notice.   If a street or sidewalk is out of repair such a length of time as to become generally observable, then the borough or city becomes affected with what is called constructive notice; it is presumed they would have notice.   As stated by the Supreme Court, implied notice is the notice which the borough or city is presumed to have, when an obstruction in the public highway has existed so long that the city or borough should reasonably take notice of and repair it.   Whether the borough had actual or constructive notice by reason of this alleged defect in the pavement existing for such a length of time as to become generally observable, is a question I leave to the jury to determine.   The evidence would seem to be plain on that subject, but still I leave it to you to determine. . . . .

[In cases of this kind it is hard, of course, to measure the damages by dollars and cents, and the jury must exert their best judgment in the matter, taking into consideration all the evidence bearing upon the question.   In the case of McLaughlin v. City of Corry, [77 Pa. 109,] which was an action to recover damages against that city by reason of an injury received by the plaintiff in passing along the sidewalk, the counsel for the plaintiff put this point to the court, and requested the court to charge the jury as follows: " In estimating the damages, the jury should allow, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience he is subjected to, and for the pain and suffering, bodily and mental, already experienced or likely to be yet experienced, as well as for the pecuniary loss he has sustained and is likely to sustain during the remainder of his life, from the disabled condition of his arm and the difference it has occasioned in his ability to earn wages at his trade."   Justice GORDON, in delivering the opinion of

Charge of Court below.

the Supreme Court, said this seventh point with others should have been affirmed.   In this case, it being an action by a married woman, there is no claim on her part for any expenses incurred by reason of the injury.   If there were any such, doubtless they were paid by the husband and he may have his remedy.] ⁵   There is no claim on the part of the plaintiff in this case for any direct expenses.   Nor is there any claim for any pecuniary loss that she has sustained, or is likely to sustain during the remainder of her life, from the disabled condition of her arm or side.   Nor is there any·claim for any difference it has occasioned in her ability to earn wages or to be of service to herself or husband.   [The plaintiff claims in this case to recover damages only for the pain and suffering, bodily and mental, already experienced and likely to be experienced by reason of the injury she sustained, and these we say to you are proper subjects to be taken into consideration by the jury in estimating the damages sustained by the plaintiff.   In no event can the verdict exceed $2,500, as the plaintiff has not declared in her declaration for any larger amount.] ⁶ . . . .

The counsel for the defendant request the court to charge the jury as follows :

6. That if the jury believe, from all the evidence in the case, that Mrs. Readdy, the plaintiff, had knowledge of the defect in the pavement, in that case she was guilty of contributory negligence, and in that event she cannot recover.

Answer : This point is affirmed, and I refer you to what I said in the general charge in relation to this matter.²

7. That from all the evidence in the case, the plaintiffs cannot recover.

Answer : I do not affirm this point.³

The jury returned a verdict in favor of the plaintiffs for $1,220.83.   A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, specifying that the court erred :

1. "In not affirming the defendant's first, second, third, fourth and fifth points," [setting out the points, but no answers, except that to the fifth point].

2, 3. In the answers to the defendant's points.² ³

4–6. In the portions of the charge embraced in [ ] ⁴ ᵗᵒ ⁶

Opinion of the Court.

7. "In allowing a verdict above the sum of $200, with interest added, under the pleadings in this case."

*Mr. S. B. Boyer* and *Mr. J. W. Gillespie,* for the appellant.

Counsel cited: Smith v. Simmons, 103 Pa. 32; Susquehanna Depot v. Simmons, 112 Pa. 384; Citizens Ry. Co. v. Ketcham, 122 Pa. 228; West Chester v. Apple, 35 Pa. 284; Carr v. Northern Liberties, 35 Pa. 324; McDade v. Chester City, 117 Pa. 414; Philadelphia v. Smith, 1 Mona. 147; Nanticoke Bor. v. Warne, 106 Pa. 373; McLaughlin v. Corry, 77 Pa. 109; Collins v Leafey, 124 Pa. 203.

*Mr. P. A. Mahon* and *Mr. Geo. W. Ryon,* for the appellees.

Counsel cited: Nanticoke Bor. v. Warne, 106 Pa. 373; Shenandoah Bor. v. Erdman, 21 W. N. 553; Philadelphia v. Smith, 1 Mona. 147; Born v. Plankroad Co., 101 Pa. 336; Smith v. Kingston Bor., 120 Pa. 357.

PER. CURIAM:

The first assignment does not conform to the Rules of Court and will not be discussed. The second alleges that the court erred in not "affirming the defendant's sixth point without qualification." The point was affirmed with a reference to the general charge. We do not understand the general charge to have qualified the affirmance. While it referred to the testimony applicable to the point, it ended with the emphatic statement: "No matter what the negligence of the borough was, the plaintiff cannot recover if her negligence contributed to the injury." In the third assignment, complaint is made that the court did not direct a verdict for the defendant. This, under the evidence, could not have been done. It was a case for the jury, not for the court. No error is perceived in the portions of the charge contained in the fourth, fifth and sixth assignments. In the seventh assignment, it is alleged that the court erred in not restricting the verdict to $200 and interest, under the pleadings. The pleadings are not of much account after a trial below upon the merits. No such point was there made. If it had been, the pleadings could have been amended, if defective, so as to have met the difficulty. A technical objection here, that might and ought to have been taken in the

Statement of Facts.

court below upon the trial, is not entitled to much consideration. The jury having found damages in excess of $200, we will not discuss, at this step of the proceeding, the question whether the narr limited the plaintiff to the former sum.

Judgment affirmed.

