Meyer S. Meyerhoff, trading as M. S. Meyerhoff, Appellant, v. Fannie Daniels.

*Principal and agent—Representations made by agent—Sale—Rescission of contract.*

If an agent obtains possession of the property of another for his principal by making a stipulation or condition which he was not authorized to make, the principal must either return the property or be subject to the condition upon which it was parted with by the former owner.

Where goods are obtained through the false representations of an agent, the seller has a right to rescind the contract and take the goods from the purchaser, whether the agent of the purchaser had authority to make the representations or not.

*Sale—Rescission of sale—Replevin—False representation of purchaser's agent—Fraud—Evidence.*

In an action of replevin to recover goods sold on credit to defendant by plaintiff upon the strength of certain false representations alleged to have been made by defendant's agent to plaintiff, it is proper to admit evidence that the defendant took the goods, and took the credit; that defendant's agent had an interest in the profits of defendant's business; that the statements made by the agent with defendant's authority were false; and that the purchases made were beyond the ordinary demands of defendant's business.

Argued January 8, 1896. Appeal, No. 269, January Term, 1895, by plaintiff, from judgment of C. P. No. 3, Phila. Co.,

June T., 1894, No. 573, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Replevin to recover certain goods sold by plaintiff to defendant. Before FINLETTER, P. J.

At the trial it appeared that on May 29, 1894, the defendant through her agent, Meyer G. Guggenheimer, purchased a large quantity of cloaks and reefers from the plaintiff. Guggenheimer represented in effect that defendant had $20,000 to $25,000 invested in her business; that she owed very little for merchandise, as nearly all her purchases were made for cash, and that those which were not made for cash were discounted before the time was up; that she was doing a larger business than ever before; that the advertisements in the newspapers about her selling out were a mere blind, and that she was doing a rushing business. On the strength of these representations plaintiff alleged that he sold the goods, and allowed one week's credit. On June 16, 1894, Fannie Daniels made an assignment to Meyer G. Guggenheimer for the benefit of creditors. On June 12, 1894, four days prior to the assignment, plaintiff issued a writ of replevin for the goods which he had sold to defendant.

Fannie Daniels, the defendant, called by plaintiff for cross-examination, was asked this question:

" And when he, Guggenheimer, purchased goods on credit, you took the goods and took the credit? " Objected to by defendant. Objection sustained. Bill sealed for plaintiff. [1]

Meyer G. Guggenheimer was asked this question:

" Had you an interest in the profits of the business? " Objected to by defendant. Objection sustained. Bill sealed for plaintiff. [2]

When Joseph H. Rugin was on the stand, plaintiff offered to prove that the firm of which the witness was a member was a creditor of defendant; that there was an eagerness upon the part of said defendant to get credit about the time of this sale; that the statements made by her buyer (Meyer G. Guggenheimer) with her authority were false, and that purchases were being made beyond the ordinary demands of plaintiff's business. Objected to by defendant. Objection sustained. Bill sealed for plaintiff. [3]

Plaintiff offered to prove by each of six or eight witnesses that purchases were being very freely made by defendant, and also to prove the false statements made by her purchasing agents to obtain credit and goods for her. The offer was objected to, the objection sustained and bill sealed for plaintiff. [4]

The court gave binding instructions for defendant. [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bills of exceptions; (5) above instructions.

*Julius C. Levi,* for appellant.—The law does not permit the defendant to keep the goods and at the same time repudiate the means by which he acquired the title thereto. Plaintiff submits that there cannot be a ratification of a part of a transaction. The ratification of the contract implied from keeping the goods with knowledge of the fraud makes the fraudulent representations of the agent those of the principal: Wheeler & Wilson v. Aughey, 144 Pa. 407; Jones v. Nat. Building Assn., 94 Pa. 215; Keough v. Leslie, 92 Pa. 424; Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495.

Appellant submits that although perhaps there was not any direct and immediate evidence of any express authority conferred by defendant upon said Meyer G. Guggenheimer to make said representations as to defendant's financial worth, yet there was evidence of an authority in the said Guggenheimer to bind defendant by making purchases for her upon credit: Hunter v. Hudson River Co., 20 Barb. (N. Y.) 493.

The immediate issue being whether defendant held forth to the world said Guggenheimer as clothed with the authority to make purchases for defendant upon credit, appellant submits that the question was pertinent and relevant: Simens Regenerative Gas Lamp Co. v. Horstmann & Sons, 24 W. N. C. 396; McNeile v. Cridland, 168 Pa. 16.

*Jacob Singer* and *Max Herzberg, Emanuel Furth* with them, for appellee.—The issue was fraud. Fraud is never presumed, and must always be substantially proved by competent evidence. This was the burden assumed by plaintiff below, and he signally failed in his proof.

OPINION BY Mr. JUSTICE GREEN, February 17, 1896 :

The defendant, being examined as a witness upon cross-examination, testified that Guggenheimer was her agent for the purchase of goods for her establishment, and Guggenheimer who was also examined testified to the same fact. The latter testified that he bought the goods in question for the defendant and that he had authority to buy either for cash or on credit, whichever he saw fit to do. The goods were therefore actually purchased for the defendant by her agent, they were delivered to her and nearly all of them were found in her possession at the time the writ of replevin was issued and served. The plaintiff testified that at the time of the purchase certain representations were made to him by Guggenheimer as to the financial responsibility of the defendant, and that he stated certain reasons why she could not pay immediate cash for the goods, but that the money would be paid the following week. If these representations were made as stated by the plaintiff, the subsequent events which occurred very quickly after the sale, tended strongly to prove that they were false. The goods were sold on May 29, 1894, and on June 16th following, the defendant made a voluntary assignment for the benefit of creditors. The question of the making of the representations and of their truth or falsity, was as a matter of course, exclusively for the jury. The witness denied making them but the plaintiff testified positively, and with emphasis, giving precise details, that they were made, and that it was only upon the faith of the representations that he opened the account and shipped the goods. That the defendant was responsible for the acts and declarations of her agent under whose contract of purchase she received the goods is too plain for argument, and is not at all disputed. Whether the agent had authority to make the representations in question or not, is quite immaterial. The test of liability is that the goods were received by the defendant under the contract made by the agent. In Wheeler & Wilson v. Aughey, 144 Pa. 398, we held that, " If an agent obtains possession of the property of another by making a stipulation or condition which he was not authorized to make, the principal must either return the property, or if he receives it, he must be subject to the condition upon which it was parted with by the former owner." In Jones v. National Building Association, 94 Pa. 215,

we said, PAXSON, J., " The contention on the part of the association plaintiff is, that the secretary had no authority to make the representations by which said Jones was induced to sign the note as surety; that it was therefore a fraud and not binding on said association; that is, the latter could repudiate the fraud and yet hold on to its fruits. This cannot be done. Common honesty and the law of the land alike forbid it. Whether the association was incorporated or unincorporated, whether the secretary was or was not authorized to make the representations to Jones, it is clear that the association cannot have the benefit of the security and at the same time repudiate the contract by means of which they obtained it. No principle of law is better settled than that a man cannot reap the fruits of his agent's fraud: Musser v. Hyde, 2 W. & S. 314; Hunt v. Moore, 2 Barr 105; Mundorff v. Wickersham, 13 P. F. Smith, 87; Keough v. Leslie, 11 Norris, 424. The association took this security cum onere, and the maxim qui sentit commodum sentire debet et onus applies."

In Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495, we said, " In this connection, it is proper to say that it matters little what were the powers of the agent who made the fraudulent representations by means of which the defendant was induced to take his policy, nor whether the agent himself believed them to be true. The company having accepted the policy, is affected with any fraud upon the part of the person obtaining it. In other words it cannot repudiate the fraud and yet retain the benefits of the contract. It takes cum onere."

In view of the foregoing authorities, and the undoubted state of the law upon this subject we think it was not competent for the learned court below to direct a verdict for the defendant. The whole case should have gone to the jury with instructions that if they believed that the goods in question were obtained by means of false representations made by Guggenheimer the verdict should be in favor of the plaintiff.

We think the other assignments of error are also sustained. The case was one of fraud in obtaining the goods and any facts which tended to support the plaintiff's allegations in that regard should have been received and heard. We think all the matters offered to be proved in the first four assignments of error should have been admitted in evidence, as, if the testimony supported

the offers it might have a material effect in determining the question of fraud and the defendant's participation therein. Upon the first five assignments of error the judgment is reversed.

Judgment reversed and new venire awarded.