# Ohlbaum *v.* Mayer et ux., Appellants.

*Vendor and vendee—Agreement of sale of realty—Principal and
agent—Misrepresentation of agent—Boundaries—Evidence — In-
surance of title—Certificate of insurance company—Hand money—
Practice, C. P.—Trial — Curing defects — Appeals — Harmless
error.*

1. In an action to recover back hand money paid under an agree-
ment of sale of real estate, which provided that the title should be
such as would be insured by a title company, admission in evidence
of a certificate of an insurance company showing a defect, is not
ground for reversal, where it appears that defendants objected to
the admission until an officer of the company could be cross-
examined as to it, that the court then admitted the paper merely
as a certificate, and later an officer of the company was called and
duly cross-examined by defendants as to its contents.

2. In such case, it is competent to show false statements of de-
fendants' agents, which induced the execution of the contract, and
especially is this so where the false statements related to the boun-
daries of the land.

3. Less certainty of proof is required to justify a vendee's re-
fusal to accept title, than to open up a case after the title has
passed, and the consideration has been paid.

4. Where a principal affirms an agent's contract, he is affected
with the false statements by which it was procured.

5. Where an agent for the sale of a building makes statements
as to the solvency of a tenant, it is competent to show that bank-
ruptcy proceedings were pending at the time against the tenant.

6. In support of an averment that the agent made false statements as to the property extending to an alley, it is competent to show the agent said that a door could be cut into the alley; such statements were corroborative of the statement that the land extended to the alley.

7. Where plaintiff offered testimony as to declarations of the agent after the execution of the contract, and an objection to such offer is overruled, such ruling is immaterial, if it appears that no further testimony was offered as to such declarations, and no motion was made to strike out that already given.

*Appeals—Inadequacy of charge—Request for more specific instructions.*

8. As a general rule a case will not be reversed for mere inadequacy of the charge, where the party complaining failed to request that it be made more specific.

Submitted December 2, 1925. Appeal, No. 314, Jan. T., 1925, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1923, No. 486, on verdict for plaintiff, in case of Harry Ohlbaum v. Gabriel H. Mayer et ux. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Assumpsit to recover back hand money. Before Davis, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,687.50. Defendants appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Barnie F. Winkelman* and *George Wanger,* for appellants.—The court below improperly admitted evidence of alleged fraudulent misrepresentations of the responsibility of the tenants: Gianni v. Russell & Co., 281 Pa. 320.

Evidence of the filing of a bankruptcy petition against a tenant, is not, by itself, evidence of his lack of financial responsibility.

Evidence was not properly admissible upon alleged fraudulent misrepresentations of the size of the property: Flanigan v. Phila., 51 Pa. 49; Shattuck v. Cunningham, 166 Pa. 368; Keily v. Saunders, 236 Pa. 602.

Where the servitude is visible, purchaser is presumed to have bought with knowledge: Kean v. Eaby, 254 Pa. 273.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellee, cited as to misrepresentations: Stubbs v. King, 14 Serg & Rawle 206; Frederick v. Campbell, 14 Serg & Rawle 293; Atherholt v. Hughes, 209 Pa. 156; Wolf v. Christman, 202 Pa. 475.

OPINION BY MR. JUSTICE WALLING, January 4, 1926:

On May 18, 1923, the defendants agreed in writing to sell plaintiff the property known as 130 South Eighth Street, Philadelphia, for $37,800, of which he paid them $1,500 in hand and $1,000 shortly thereafter. The purchase was not consummated and this suit in assumpsit to recover such advance payments resulted in a verdict and judgment for plaintiff for the $2,500 and interest; therefrom defendants brought this appeal.

The record discloses no reversible error. The contract was made through the agents of the parties, and plaintiff based his right to rescind the same largely on the alleged fraudulent representations of defendants' agent to the effect that the property in question extended westerly from Eighth Street to an alley, a distance of about sixty-nine feet, whereas in fact it extended back only about forty-nine feet, and was shut out from the alley by a piece of land some twenty feet in width, owned by another. There was ample evidence, notwithstanding the agent's denial, to take the question of such fraudulent statements to the jury. There was a four-story brick

building on the premises and the evidence tended to show he made false and fraudulent statements as to the leases and solvency of the tenants therein, which was also a question for the jury.

The contract provided, inter alia, that, "The title is to be such as will be insured by any reputable title company in Philadelphia," and there was some evidence, possibly not very convincing, that the title did not meet this requirement. In that connection, plaintiff offered a certificate from the Land Title and Trust Company, stating certain objections to the title. The certificate was produced by an employee of the company, and defendants' counsel objected to its admission until he could have an opportunity to cross-examine an officer of the company as to statements therein. The trial judge admitted it merely as a certificate of the Land Title and Trust Company. Later, during the trial, defendants called the title officer of the company and examined him fully in regard to the certificate. This removed the only objection made to its admission and cured the error complained of, if such it were.

The contract described the property merely by its lot number, so the alleged statement that it extended to the alley did not contradict the writing. Again, in support of the allegations of fraud, it was competent to show the false statements of defendants' agent, which induced the execution of the contract: Atherholt v. Hughes, 209 Pa. 156. We have repeatedly so held as to false statements relating to the boundaries of land: Stubbs v. King, 14 S. & R. 206; Frederick v. Campbell, 14 S. & R. 293; Shillingford v. Good, 95 Pa. 25; Griswold v. Gebbie, 126 Pa. 353; Wolf v. Christman, 202 Pa. 475; Keily v. Saunders, 236 Pa. 593. Furthermore, less certainty of proof is required to justify a vendee's refusal to accept title than to open up a case after the title has passed and the consideration has been paid: Kreiter v. Bomberger, 82 Pa. 59. As defendants affirmed the agent's contract they are affected with the false statements by

which he procured it: Griswold v. Gebbie, supra; Mc-
Neile v. Cridland et al., 168 Pa. 16. As tending to dis-
prove the averment of the solvency of the tenants of the
building, it was competent to show that bankruptcy
proceedings were then pending against those occupying
the second floor and that their rent was in arrear.

In support of the averment of false statements as to
the property extending to the alley, it was competent to
show that defendants' agent said plaintiff could cut open
a door and use the alley, although the question of the
right to use the alley was not set out in the pleadings.
Statements of the right to cut open the door and use the
alley were corroborative of the statement that the land
extended to the alley.

Plaintiff offered some testimony as to declarations
made by defendants' agent, after the execution of the
contract and before the time of settlement, and when an
objection was made thereto it seems to have been over-
ruled, but as no further testimony was offered as to such
declarations and no motion was made to strike out that
already given, the accuracy of the ruling thereon is im-
material.

As a general rule a case will not be reversed for mere
inadequacy of the charge, where, as here, the party com-
plaining failed to request that it be made more specific:
Hunter v. Bremer, 256 Pa. 257.

The alleged after-discovered evidence was not so vital
as to compel the granting of a new trial, and the refusal
thereof discloses no abuse of discretion.

The assignments of error are overruled and the judg-
ment is affirmed.