## Lichow, Appellant, v. Sowers.

Argued April 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Francis Macomb Gumbes,* for appellant.

*Nathaniel Speck,* for appellee.

Opinion by Mr. Justice Stern, May 15, 1939:

Plaintiff employed defendant, a member of the bar, as his counsel in certain litigation. The compensation agreed upon was $100, of which $25 was paid as a retainer. Plaintiff, alleging that defendant "wilfully and recklessly" neglected his case, brought the present suit in trespass to recover $50,000 damages. Defendant filed an affidavit of defense raising questions of law. The court below adjudged that plaintiff had not set forth a good cause of action, and entered judgment for defendant.

The allegations in the statement of claim, including the facts in the litigation in which plaintiff was involved and which are incorporated in the statement of claim by reference, are as follows: In 1931 plaintiff's wife filed a bill in equity against him charging that by false and fraudulent representations he had induced her to turn over to him several thousand dollars which he refused to return to her. An adjudication was filed in favor of the wife and a final decree entered in 1933 declaring plaintiff to be a trustee ex maleficio of the money and directing him to pay it to his wife. A rule to open this decree—on the ground of after-discovered evidence —was then taken, which, in the latter part of 1934, was dismissed for want of prosecution. Thereupon the wife instituted attachment proceedings for contempt, because of plaintiff's noncompliance with the decree. Up to this time plaintiff had been successively represented by three attorneys. Then, in January, 1935, he engaged defendant, as the statement of claim alleges, for three specific purposes: (1) to file an answer to the petition to show cause why an attachment should not issue, and to represent plaintiff at the hearing of this petition; (2) to file a petition to reinstate the petition to open the final decree; and (3), if these measures failed, to file for plaintiff a petition of insolvency under the Act of June 1, 1915, P. L. 704. The statement of claim avers that defendant failed to do any

of these things, and that, although he had agreed that he would personally represent plaintiff, he sent to the hearing in the contempt proceedings an assistant who was unfamiliar with the facts. The rule for the attachment was made absolute, and plaintiff was committed to the county prison and was there confined for nearly three months.

Defendant argues that it is not shown that if any of the enumerated measures had been taken they would have been successful; that the only defense permissible to a petition for attachment is compliance with the decree of the court; that it would have been impossible to reinstate the petition to open the decree after it had once been dismissed; that an insolvency petition under the Act of June 1, 1915, P. L. 704, was not available in a contempt proceeding, especially since the decree was based on a finding of fraud; and that the record of the equity case discloses that defendant filed a petition on behalf of plaintiff to be discharged from confinement on the ground of impaired physical health, and this ultimately resulted in his release.

We cannot say that the statement of claim does not on its face show a good cause of action, inasmuch as it asserts that defendant was expressly employed to take specified measures on behalf of plaintiff—not such measures, if any, as to defendant might seem proper. Defendant having accepted a retainer, and having agreed to file certain petitions, he cannot, by a demurrer to the statement of claim, raise the question as to whether they would have been effective. It became his duty to file them and to have their merits passed upon by the court.

Probably a suit in assumpsit would have been more appropriate, but the form of action is amendable at any stage of the proceedings: Act of May 10, 1871, P. L. 265; *New York & Pennsylvania Co. v. New York Central R. R. Co.*, 267 Pa. 64, 76, 77. Defendant may present a wholly different version of the facts when

the case comes to trial, but at this time we have for consideration only the legal sufficiency of the statement of claim as a pleading.

The judgment is reversed with a procedendo.