Bell Telephone Company of Pennsylvania *v.*
Baltimore & Ohio Railroad Company, Appellant.

Argued April 27, 1944. Before KELLER, P. J., BALD-
RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ.
(RHODES, J., absent).

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey,* for
appellant.

*Charles F. C. Arensberg,* of *Patterson, Crawford,
Arensberg & Dunn,* for appellee.

OPINION BY KENWORTHEY, J., July 15, 1944:

In 1914 appellant and The Central District Telephone Company, appellee's predecessor, entered into an agreement under the terms of which appellant gave the telephone company a license or permit to maintain manholes and underground conduits on its station site in the town of Rankin, Allegheny County. The license was revocable by appellant on ninety days' written notice. In 1939, while the license was still in force, appellant leased the station site or a part of it to the Gravity Fill Service Station, Inc., the additional defendant, with leave to install underground tanks, pumps, pipes and other equipment necessary to the operation of a gasoline filling station. In the course of the excavation for the installation of its underground equipment the additional defendant's contractor caused substantial damage to appellee's conduits. The only issues of fact raised by the pleadings and submitted to the jury at the trial were whether the conduits were in fact located where indicated on a plan or map furnished by appellee to appellant and the extent or amount of the damage.

It is not contended that the evidence was insufficient to support the verdict of the jury on the two issues submitted to it. The appeal from the refusal of appellant's motion for judgment n. o. v. raises two questions of law: (1) Whether the damage to the conduits under the circumstances constituted a cause of action in assumpsit; and (2) whether the action was barred by a release contained in the original agreement. No complaint is made of the verdict in favor of the additional defendant.

(1) Appellant points to an allegation in the statement of claim that the leases by appellant to the Gravity Fill Service Station, Inc. were "in derogation of the contractual right of the plaintiff to enjoy undisturbed and full possession of the property under the agreement," meaning the agreement between appellant and

appellee. But, says appellant, appellee acquired a bare license; the agreement gave appellee no interest whatever in the land; and there is no implied covenant of quiet enjoyment and no express covenant not to tear out or permit someone else to tear out appellee's conduits. By this process of reasoning it reaches the conclusion appellee established no cause of action in assumpsit.

It is true that a license does not confer a right of possession sufficient to support an action in trespass quare clausum fregit (Tiffany, Real Property, §§814, 829), or an action of ejectment: *Union Petroleum Co. v. Bliven Petroleum Co.,* 72 Pa. 173. But a licensee may maintain an action of trespass in the nature of common law case for any invasion or disturbance of the terms of the license whether by the licensor or by third parties: *Hancock v. McAvoy,* 151 Pa. 460, 25 A. 47; *Union Petroleum Co. v. Bliven Petroleum Co.,* supra. And although the action is assumpsit and the statement of claim uses language suggesting the theory of a violation of a covenant of quiet enjoyment it also specifically alleges that appellant in entering into the lease with the Gravity Fill Service Station, Inc. and permitting it to excavate "failed to give notice to or inform the Gravity Fill Service Stations of the rights of the plaintiff in the premises and of the underground conduits installed by the plaintiff ......" It is not seriously contended that appellant had no duty whatever with regard to the conduits located under its land. See *Funk v. Haldeman,* 53 Pa. 229, 244. Nor is it contended that the allegation just quoted when supported by adequate proof did not amount to a breach of that duty constituting negligence. The gist of appellant's position comes down to a complaint about the form of the action; that because there is no duty either expressed or implied *in the contract* the action will not lie in assumpsit.

Although we think the action was properly brought

in assumpsit though sounding in tort (*Siegel v. Struble Bros.*, 150 Pa. Superior Ct. 343, 28 A. (2d) 352), we prefer to rest our decision on a broader ground. Scarcely any procedural defect is viewed with greater tolerance by modern courts than errors in the form of the action. The Act of 1871, P. L. 265, §1, 12 PS 535, specifically provides that the form of action may be amended at any stage of the proceedings. See *Lichow v. Sowers*, 334 Pa. 353, 6 A. (2d) 285. By rule of the Supreme Court of the United States [1] distinctions between the separate forms of civil actions have been completely abolished in the federal courts. Much may be said for the preservation of some of the old distinctions in form during the early procedural stages. But the only functions of a pleading are to put the other party on notice of what the pleader intends to prove at the trial and to define the issues. When the facts ultimately proved are properly alleged and there has been a trial on the merits pleadings are not of much, if any, account: *Readdy v. Borough of Shamokin*, 137 Pa. 92, 20 A. 424. If it is expedient, as a nod to formalism, the proper amendment will be considered to be made: *Nock v. Coca Cola Bottling Co.*, 102 Pa. Superior Ct. 515, 520, 156 A. 537, and cases cited.

(2) The license agreement of 1914. provided: "2nd. That the [appellee] shall at all times assume and take upon ITSELF all risks of accidents and fires, and of the danger thereof to such building or property on said premises whether communicated from the engines of the [appellant], or from whatever cause; and from all loss or damage consequent therefrom, whether caused by accident or from negligence of the agents or employes of the [appellant], or from whatever cause, and said [appellee] hereby releases said [appellant] from all liability therefor."

---

[1] Pursuant to authority conferred by the Act of June 19, 1934 c. 651, 48 Stat. 1064, 28 U. S. C. A. §723 (effective Sept. 16, 1938).

In our opinion, to apply this release to the facts of the instant case would do violence to the settled rule that a release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties when it was given: *Cockcroft v. Metropolitan Life Ins. Co.*, 125 Pa. Superior Ct. 293, 189 A. 687. This may be an "accident ...... to ...... property on said premises," but the cause of the injury and the manner of its occurrence were even more unforeseeable than the narrowing of the cribbing which increased the flow on the property owner's land in *Miskel v. Lehigh Valley Coal Co.*, 85 Pa. Superior Ct. 357, and *Brush v. Lehigh Valley Coal Co.*, 290 Pa. 322, 138 A. 860, and was held not within the scope of the broad release therein given.

Judgment is affirmed.