Montgomery, Admr., *v.* Keystone Mutual
Casualty Company, Appellant.

Argued May 28, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*George Hay Kain,* with him *William H. Kain* and *George Hay Kain, Jr.,* for appellant.

*Judson E. Ruch,* with him *Markowitz, Liverant* and *Ruch,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 30, 1947:

This is an appeal from the judgment of the court below fixing liability upon an insurance company to a third person under its policy of motor vehicle liability insurance with its insured in connection with the Pennsylvania Uniform Automobile Liability Security Act of May 15, 1933 P. L. 553, as amended, 75 PS, 1253 et seq., and of the insurance company's Operator's Policy Certificate filed by it with the Secretary of Revenue, as provided by the above act.

For reasons which do not appear in the record, the motor vehicle operator's license of Edward McDonald (the insured) had been revoked. In order to procure the renewal of his license, it became necessary, under the provisions of the act, to prove his financial responsibility. By the terms of section 2 of the act, as amended, this could only be accomplished by one of three methods, viz: (a) issuance of a liability insurance policy of an approved insurance company, and a certificate of such issuance sent to and approved by the Secretary of Revenue (b) a bond of an approved surety company, or (c) deposit of $11,000 in cash. The insured elected to acquire a liability insurance policy. Upon its issuance, the statutory certificate was sent by the insurance company to the Secretary of Revenue and approved by him. The policy was dated October 20, 1941, and the certificate issued by the insurance company bears the same date. The approval of the Secretary of Revenue was dated October 23, 1941.

On December 23, 1941, while the policy was in effect and the certificate to the department of revenue remained unrevoked, the insured, Edward McDonald, became involved in a motor accident. On that day John V. Montgomery, Jr., an employee of a New York corporation covered by New York Workmen's Compensation Insurance, was injured as a result of the operation of a motor vehicle by the insured and died the same day from the injury. The administrator of the estate of the deceased injured person sued the insured. A verdict for $10,000 was recovered against the estate of the insured (McDonald having died meantime). Upon execution the sheriff made a return of *nulla bona*. Suit was then instituted against the insurance company for $5,000, the maximum amount of its liability under its policy and certificate. The insurance company, by its affidavit of defense, disclaimed liability upon two principal grounds (a) that the motor vehicle being operated by the insured was owned by him individually and was excluded from

coverage under the terms of the policy and (b) plaintiff's decedent was covered by New York Workmen's Compensation Insurance and hence was excluded by the Pennsylvania Uniform Automobile Liability Security Act, supra. The court below entered judgment for plaintiff for want of a sufficient affidavit of defense. This appeal followed.

By a special endorsement it was provided that there would be no liability under the policy ". . . *unless [the] automobile is specifically described in the policy under Item 5 of the Declarations.*" It is conceded that section 5 of the declarations does not specifically describe the automobile involved in the accident. But section 6 of the Uniform Automobile Liability Security Act, supra (75 PS, 1258 b), provides that ". . . *any rider or endorsement . . . shall not conflict with the provisions of this act. . . .*" As pointed out in the well considered opinion of Judge KENWORTHEY in *Polonitz v. Wasilindra,* 155 Pa. Superior Ct. 62, 37 A. 2d 136, it was only when the insurance company issued its policy and filed its certificate that the insured was again given the privilege of operating a motor vehicle upon the highway. Such license to the insured was granted solely because the insurance company made it possible for him to comply with the statutory requirement of proof of financial responsibility. The object of the act was protection to the public. To permit an insurance company to protect itself with defenses, limitations, reservations and exceptions would be detrimental to the public interest and would defeat the very purpose of the act. Since the purpose of such policies is to indemnify innocent third persons and protect the general public, all such policy defenses are taken from the insurer. It follows that the reservation contained in the endorsement is in conflict with the act and is therefore a nullity. See: *Sky et al. v. Keystone Mutual Casualty Company,* 150 Pa. Superior Ct. 613, 29 A. 2d 230.

The insurance company's contention that its liability was excluded under the terms of the policy because plaintiff's decedent was covered by New York Workmen's Compensation Insurance is likewise without merit.

It is true that under section (d) of the act (75 PS, 1253 (d) ), supra, the insurance company was authorized to exclude from liability under its policy for injury to or death of any person ". . . *other than the insured and such persons as may be covered as respects such injury or death by any workmen's compensation law. . . .*"

The exclusion clause (f) of Coverage A of the policy, relied upon by the insurance company, does not follow what was permitted by the act. Its terms are much broader. The clause reads:

*"This policy does not apply: . . . (f) under coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law. . . ."*

It is to be observed that the exclusion relates solely to an employee of insured or "to any obligation for which the insured may be held liable under any workmen's compensation law." Plaintiff's decedent was not an employee of the insured and therefore the *insured* was not liable to him or his estate for injury or death while in the employment of a person other than the insured. It follows that even though plaintiff's decedent, or his estate, may collect workmen's compensation from his employer, this does not release this insurance company from its liability under its policy. Judge ANDERSON, in the court below, aptly states:

"Since the insurer in the policy itself covers the question of workmen's compensation it is apparent that it was not the insurer's intention to take advantage of the broad latitude allowed by section (d) of the Uniform Automobile Insurance Act of 1933 as amended, which

permits exclusion from the coverage 'such person as may be covered as respects such injury or death by any workmen's compensation law.' There is no question of public policy requiring such persons to be eliminated from the coverage required to be furnished by those compelled to provide financial responsibility by liability insurance or otherwise before being permitted to operate automobiles on Pennsylvania's highways nor is it a mandatory provision and if the insuring company does not choose to include such a provision in its policy then certainly there is no valid reason requiring it to be read into the policy . . . [The insurance company] might have adopted the language of the definition in the act and said that the policy did not apply to any one covered by any Workmen's Compensation Law or could have been silent entirely on the subject, but since it did not do either it is bound by the terms of its own policy. . . ."

The provisions of the Act of June 1, 1945, P. L. 1340, 75 PS, 1277.1 et seq., repealing, inter alia, the Pennsylvania Uniform Automobile Liability Security Act of May 15, 1933, as amended, supra, need not be considered, as the effective date of that act is July 1, 1947.

The insurance company also complains that the court erred in permitting plaintiff to amend his statement of claim and sue on the policy. In the statement of claim as originally filed, the basis of the suit was the certificate which the insurance company gave to the Secretary of Revenue concerning the financial responsibility of the insured under the terms of the act. They attached the certificate to the statement of claim, marked Exhibit "A". The certificate made reference to the insurance policy. Obviously, the claim of the plaintiff rested upon the terms of the insurance policy rather than upon the certificate of its issuance. The court below allowed the plaintiff to amend his statement of claim, and in the amended statement the policy was attached as an exhibit. This procedure was correct. Rule 1033 of The

Procedural Rules, Goodrich-Amram Civil Practice, provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of the party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

See *Lichow v. Sowers,* 334 Pa. 353, 6 A. 2d 285; *Bell Telephone Company of Pennsylvania v. B. & O. R. R. Co.,* 155 Pa. Superior Ct. 286, 289, 38 A. 2d 732.

Judgment affirmed.