## Moore v. Brady et al.

*Merrill L. Hassell,* for plaintiff.

*Jacques H. Geisenberger* and *Wm. B. Arnold,* for defendants.

SCHAEFFER, P. J., July 25, 1947.—Plaintiff sued defendant in assumpsit to recover damages to plaintiff's automobile. On November 24, 1945, plaintiff's wife took plaintiff's Buick automobile to defendant's place of business for the purpose of having it washed. It is alleged in plaintiff's complaint that defendant, without the knowledge or consent of plaintiff, entrusted plaintiff's automobile to defendant's employe or agent, who operated plaintiff's automobile upon a public highway

in Lancaster County and off defendant's premises. While so operated a collision occurred resulting in the damage complained of.

Original defendant's answer to plaintiff's complaint avers that plaintiff impliedly agreed that defendant's agent or employe might operate the same and further avers that the damages were incurred through the negligent operation of a truck on the public highway by the servant, agent or employe of Sunshine Stores, Inc., setting forth specifically how the accident occurred. Defendant further avers that the latter is alone liable to plaintiff or is jointly liable with defendant to plaintiff for the damages sustained. Accordingly, original defendant filed a complaint admitting that plaintiff had delivered to defendant his automobile to be washed and that defendant's employe washed the automobile and was "air drying" the same when the accident occurred.

Sunshine Stores, Inc., was joined as an additional defendant at the instance of defendant. Additional defendant thereupon filed preliminary objections to determine whether it has been properly joined as an additional defendant.

The question for the court's determination is whether under Rule 2252 of the Pennsylvania Rules of Civil Procedure a party may be joined as an additional defendant on a cause of action in trespass where the original cause of action declared upon is in assumpsit.

No decision has been submitted nor found on this precise question but the converse situation has been before the courts and it has been decided that a defendant sued in trespass may not join an additional defendant in an action sounding in assumpsit. In Jones et al. v. Wohlgemuth et al., 313 Pa. 388, the court said that the Scire Facias Act of April 10, 1929, P. L. 479, "was not intended to complicate legal proceedings

by combining entirely separate causes of action in one suit. . . . One action is in trespass and the other in assumpsit. The causes of action are separate and distinct and no sufficient reason exists for joining them in one proceeding". In Murray v. Pittsburgh Athletic Co. et al., 324 Pa. 486, plaintiff was injured while on defendant's grandstand by the negligence of defendant's concessionaire whom defendant attempted to join on the basis of the concessionaire's indemnity agreement. The court said (p. 497) : "But such a cause of action, based on contract, is separate and distinct from the cause of action forming the basis of plaintiff's suit which is the injury caused plaintiff by defendant's negligence." The above cited cases were decided under the Scire Facias Act of 1929, supra, and its amendment, which have now been suspended by the Pennsylvania Rules of Civil Procedure. However in Volta v. Markovitz Brothers, Inc., et al., 351 Pa. 243 (1945), Mr. Chief Justice Maxey in his opinion, citing Murray v. Pittsburgh Athletic Co., supra, and Dively v. Penn-Pittsburgh Corp., 332 Pa. 65, said:

"Any liability of the indemnitor in this case would have to be based upon its contract with the defendant and not upon the cause of action declared by the plaintiff. The Rules of Civil Procedure do not change the law as we declared it in the cases above cited."

Rule 2252 of the Pennsylvania Rules of Civil Procedure provides:

"In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

Both the Scire Facias Act and Rule 2252 of the Pennsylvania Rules of Civil Procedure restrict the joinder

to the cause of action declared upon by plaintiff. In the instant case plaintiff's complaint or cause of action sets forth the breach of an implied contract between plaintiff and original defendant. There is no allegation of negligence therein. The breach declared by plaintiff is the use of plaintiff's automobile while in the custody of defendant without the knowledge or consent of plaintiff.

The form of the action by itself is not controlling. In Siegel v. Struble Brothers, Inc., 150 Pa. Superior Ct. 343 (1932), Hirt, J., in his opinion said (p. 345):

"The fact that the action was in assumpsit, in itself, does not bar this plaintiff from recovering substantial damages even if the action should have been in trespass. Much of the distinction between forms of action has lost its former significance; the court looks to substance; Lindsley v. First Nat. Bank, 325 Pa. 393, 190 A. 876; this has long been the attitude of the courts."

In Lichow v. Sowers, 334 Pa. 353 (1939), the suit was brought in trespass. Mr. Justice Stern in his opinion said: "Probably a suit in assumpsit would have been more appropriate, but the form of action is amendable at any stage of the proceedings."

Regardless of the form of the action it is evident that the cause of action set forth in plaintiff's complaint sounds in contract, whereas, the joinder of additional defendant at the instance of original defendant is based upon negligence or a tort.

Accordingly, the court finds that there has been a misjoinder of a cause of action and that it is a proper ground for preliminary objections under Rule 1017(b)(5) of the Pennsylvania Rules of Civil Procedure.

And now, July 25, 1947, the preliminary objections filed by additional defendant are sustained and the joinder of Sunshine Stores, Inc., as an additional defendant in this case is set aside.