Littler, Exrx., et al., Appellants, *v.* Dunbar et al.

Argued May 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

278

*Louis Vaira,* for appellants.

*John A. Metz, Jr.,* with him *John A. Metz* and *Metz & Metz,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 26, 1950:

The appeal is from the judgment of the Superior Court, reversing the judgment of the court of common pleas of Allegheny County. The suit is in trespass for fraud and deceit. Defendant is a real estate broker. The fraud and deceit charged by plaintiffs consists of alleged misrepresentations of defendant's agent in connection with a contract for the sale of real estate. A trial on the merits resulted in a verdict for the plaintiffs for the amount of the down money and interest, which the court below sustained. On appeal to the Superior Court the judgment was reversed in a unanimous opinion by Judge HIRT, 166 Pa. Superior Ct. 271. The basic reason for the reversal is stated in the opinion, at p. 273, as follows:

"Under the Pennsylvania rule a principal is not liable in deceit for his agent's false representations where he has not authorized nor participated in them nor knowingly permitted the agent to make them. Proof of scienter on the part of the principal at the time of the misrepresentation is an essential part of the plaintiffs' case."

It was further stated in the opinion, at p. 274: "The plaintiffs were within their rights in rescinding the contract induced by the false representations of defendant's agent. Sutton v. Morgan *et al.,* 158 Pa. 204, 27 A. 894; Meyerhoff v. Daniels, 173 Pa. 555, 34 A. 298. If then they

had sued in assumpsit, on the theory of money had and received, they would have brought themselves squarely within the rule of Ohlbaum v. Mayer *et ux.*, 285 Pa. 260, 131 A. 858 and would have been entitled to recover against this appellant since he benefited by his agent's fraud and kept the hand payment."

We are in complete accord with the opinion for the reasons given and cases cited.

But in *Lichow v. Sowers*, 334 Pa. 353, 6 A. 2d 285, this Court held that under the Act of May 10, 1871, P. L. 265, the form of an action is amendable at any stage of the proceedings. Mr. Justice HORACE STERN said, p. 355: "Probably a suit in assumpsit would have been more appropriate, but the form of action is amendable at any stage of the proceedings: Act of May 10, 1871, P. L. 265; New York & Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64, 76, 77."

See also *Joynes to use v. Pennsylvania Railroad Company*, 234 Pa. 321, 83 A. 318; *New York & Pennsylvania Co. v. New York Central R. R.*, 267 Pa. 64, 110 A. 286; *Miners Savings Bank of Pittston v. Naylor*, 342 Pa. 273, 20 A. 2d 287; *Montgomery, Admr., v. Keystone Mutual Casualty Company*, 357 Pa. 223, 53 A. 2d 539; *Bell Telephone Company of Pennsylvania v. Baltimore & Ohio Railroad Company*, 155 Pa. Superior Ct. 286, 38 A. 2d 732. Cf. Pennsylvania Rules of Civil Procedure, Rule 1033.

We deem it unnecessary to remit this case for the purpose of amending the form of action and for a new trial. Judge HIRT, in his opinion, correctly states that assumpsit was the correct form of action, and the jury has already determined that the plaintiffs are entitled to recover the down money and interest thereon. As was said by the Superior Court in *Bell Telephone Company of Pennsylvania v. Baltimore & Ohio Railroad Company*, 155 Pa. Superior Ct. 286, at p. 289, 38 A. 2d 732:

"Scarcely any procedural defect is viewed with greater tolerance by modern courts than errors in the form of the action."

Also: "When the facts ultimately proved are properly alleged and there has been a trial on the merits pleadings are not of much, if any, account: Readdy v. Borough of Shamokin, 137 Pa. 92, 20 A. 424. If it is expedient, as a nod to formalism, the proper amendment will be considered to be made: Nock v. Coca Cola Bottling Co., 102 Pa. Superior Ct. 515, 520, 156 A. 537, and cases cited."

The judgment of the Superior Court is reversed and the record is remitted to the court below with directions to enter judgment for the plaintiffs on the verdict.