**Best v. Hammill Quinlan Realty Co., Inc.**

*Donald D. Saxton, Jr.,* for plaintiffs.
*William G. Merchant,* for defendant.
*Robert B. Brown, Jr.,* for defendant relocation service.
*Fred J. Sentner,* for defendants Cannan.

RODGERS, *J.,* November 5, 1980—This matter is before the court on motions for summary judgment filed by all of defendants against plaintiffs and, also, a motion for summary judgment filed by Equitable on the cross-claim of Cannan.

For reasons stated, summary judgment is granted to the Cannans on all counts of plaintiffs' claim; summary judgment is denied Hammill Quinlan, Jean Seiler and Equitable Relocation Service on counts 1 and 3 of plaintiffs' amended complaint in the nature of an action in deceit; summary judgment is granted to all of defendants as to count 2 of plaintiffs' complaint alleging breach of an implied warranty of habitability; summary judgment is granted to defendants, Hammill Quinlan and Jean Seiler, on count 4 of plaintiffs' amended complaint, alleging breach of warranty in the agreement of sale, but summary judgment is

denied Equitable on count 4; summary judgment is granted to Equitable as to count 5 of the amended complaint, alleging breach of fiduciary relationship, but denied as to defendants, Hammill Quinlan and Jean Seiler. Summary judgment is granted Equitable on the cross-claim of Thomas Cannan and Martha J. Cannan.

In October, 1976 defendants, Thomas and Martha J. Cannan, were the owners of a home at 145 Bower Hill Road, Venetia, Peters Township, Washington County, Pa., which Mr. Cannan desired to sell because of a job transfer. About October 22, 1976 the Cannans accepted an offer to purchase their property from the Equitable Life Assurance Society of the United States through Equitable's relocation services home purchase program. Prior to purchase, Equitable engaged two real estate appraisers to inspect the premises and both indicated on their report that the property was serviced by a well rather than public water. Mrs. Cannan stated that she informed Equitable's appraisers of a problem with an inadequate water supply.

The purchase price was $51,250, and Equitable paid the Cannans $15,000 as part of their equity on November 2, 1976 and paid the balance of the Cannans' equity on December 15, 1976.

On November 16, 1976 Equitable entered into a listing agreement with defendant, Hammill Quinlan Realty Company, Inc., at a list price of $53,500. A neighbor informed a representative of Hammill Quinlan that they would have a difficult time selling the property because of the inadequate water supply. Defendants, Hammill Quinlan and Seiler, both deny receiving such information.

On November 17, 1976 defendant, Jean Seiler, showed the property to plaintiffs, John and Linda

Best. The Bests allege that, at the request of defendant, Jean Seiler, they agreed that Seiler and defendant, Hammill Quinlan, would be Bests' exclusive agent in locating a suitable property for purchase. The Bests allege they relied on the expertise of Jean Seiler.

On November 18, 1976 defendant, Equitable, entered into a written contract with the plaintiffs for the purchase of the property for the purchase price of $51,500. The agreement with Best provided "SELLER REPRESENTS PLUMBING, HEATING, ELECTRICAL SYSTEMS TO BE OPERABLE AT TIME OF CLOSING. THIS REPRESENTATION WILL NOT SURVIVE CLOSING." The agreement also provided that a final inspection of the premises was to be made within one week before settlement by the buyer, and that the agreement was the entire contract.

Plaintiffs inquired of defendant, Jean Seiler, when viewing the property on November 17, 1976 about the water and she advised them to check the water and taste it. When plaintiffs checked the water it appeared to be adequate because the reservoir of the well was filled, but after a few minutes of use the reservoir capacity is exhausted, and subsequent tests indicated that it produced less than two gallons of water per hour. After plaintiffs viewed the property, defendant, Hammill Quinlan, caused the water lines to be drained and plaintiffs were unable to further examine the water supply until after they took possession. In occupying the property, plaintiffs discovered the water supply was inadequate for normal residential use, including dishes, laundry, flushing toilets or other routine use. All of the defendants, except Cannan, deny inadequate water supply.

The closing took place on January 14, 1977 at which time plaintiffs were presented a deed for the property signed by defendants, Cannan, who had agreed on October 22, 1976 that the Cannans' deed may run to a designee of Equitable.

Plaintiffs Best by their complaint, as amended, seek damages for the construction of a cistern and, also, consequential damages against all of defendants. The Cannans have filed a cross-claim against Equitable seeking the recovery of the expenses of this litigation and, also, claiming that the allegations in plaintiffs' complaint have libeled them.

Count 1 of plaintiffs' complaint is an action in deceit, claiming that defendants actively concealed knowledge of the inadequate water supply. Count 3 is a statutory action in deceit alleging violation of the Unfair Trade Practices and Consumer Protection Law of December 17, 1968, P.L. 1224, as amended, 73 P.S. §201-1 et seq. Count 2 alleges a breach of an implied warranty of habitability; count 4 alleges breach of a warranty in the agreement of sale, representing that the plumbing was operable at the time of closing; and count 5 alleged a breach of fiduciary relationship.

It is clear from the pleadings, affidavits and discovery proceedings that the Cannans here are remote vendors of the plaintiffs. The Cannans sold their home to Equitable in an arms-length transaction, vacated the premises promptly and were not involved in the transactions with the plaintiffs, Best. While plaintiffs allege Equitable was acting as agent for Cannan, there are no facts alleged, nor do any facts appear in the discovery proceedings, supporting the allegation of agency.

Accordingly, the motion for summary judgment filed on behalf of defendants, Thomas Cannan and

Martha J. Cannan, on the claim of plaintiffs, John Best and Linda Best, is granted. However, the Cannans have filed a cross-claim against Equitable on the basis that Mrs. Cannan told the appraisers engaged by Equitable about the water problem, and the Cannans now claim damages for expenses of this litigation and, also, claim that the Best complaint has libeled them. It is, of course, hornbook law that both the Bests and Equitable are absolutely privileged to plead pertinent facts in a legal action: Greensburg v. Aetna Insurance Co., 427 Pa. 511, 235 A. 2d 576 (1967). The Cannans have failed to present any statute or case authority for the proposition they are entitled to litigation expense before this present litigation is concluded. The court finds no reason to depart from the established rule that damages in a tort action do not ordinarily include compensation for attorney's fees or other expenses of litigation: Restatement, 2d Torts, §914(1).

Counts 1 and 3 in trespass claim that the real estate broker, Hammill Quinlan, their salesperson, Seiler, and their principal, Equitable, all concealed information which they had been given prior to the sale of the premises to plaintiffs that the water supply was inadequate. While all of these defendants have denied having received such information, an issue of fact is presented which cannot be disposed of by summary judgment; Shane v. Hoffman, 227 Pa. Superior Ct. 176, 324 A. 2d 532 (1974); Glanski v. Ervine, 269 Pa. Superior Ct. 182, 409 A. 2d 425 (1979). See Jones v. State Real Estate Commission, 47 Pa. Commonwealth Ct. 236, 407 A. 2d 922 (1979); Littler v. Dunbar, 365 Pa. 277, 74 A. 2d 650 (1950).

The statutory remedy set forth in the Unfair Trade Practices and Consumer Protection Law, 73

P.S. §201-9.2, is also applicable to the sales of real estate: Com. v. Monumental Properties, Inc., 459 Pa. 450, 329 A. 2d 812 (1974).

Accordingly, the motion for summary judgment by Hammill Quinlan, Jean Seiler and Equitable as to counts 1 and 3 of plaintiffs' complaint are denied.

Count 2 of the complaint seeks to extend the implied warranty of habitability set forth in Elderkin v. Gaster, 447 Pa. 118, 288 A. 2d 771 (1972), to the instant situation. Clearly, Hammill Quinlan and Seiler not being parties to the agreement of sale made no such implied warranty. As to Equitable, plaintiffs have alleged that they are in the business of buying and selling real estate as a commercial undertaking and, therefore, should be held to the same standards as a builder vendor. The Elderkin case not only involved a builder vendor, but also a new home. Neither factor is present here and, accordingly, the court upholds the motions for summary judgment as to count 2 on the part of defendant, Equitable, as well as Hammill Quinlan and Seiler.

Count 4 of the complaint presents a different situation. In the agreement of sale, the seller represented that the plumbing system was operable at the time of closing, but also stated that the representation would not survive closing.

Plaintiffs claim that the plumbing was not operable at the time of closing because of the inadequate water supply and this presents an issue of fact which cannot be disposed of by summary judgment. Accordingly, while the motions for summary judgment on count 4 as to Hammill Quinlan and Seiler are granted, the motion of Equitable for summary judgment on count 4 is denied.

Count 5 of the complaint alleges a breach of a fiduciary relationship. There is no evidence that

Equitable acted in any fiduciary relationship and, accordingly, Equitable's motion as to count 5 is granted. The court finds, however, that plaintiffs, Best, have alleged and presented by way of discovery sufficient facts to raise an issue as to whether Hammill Quinlan and Seiler occupied a fiduciary relationship and, accordingly, the motions of Hammill Quinlan and Seiler for summary judgment as to count 5 are denied.

## ORDER

And now, November 5, 1980, the motion of defendants, Thomas Cannan and Martha J. Cannan, his wife, for summary judgment on all counts of plaintiffs' complaint, as amended, is granted; the motions for summary judgment by defendants, Hammill Quinlan Realty Co. and Jean Seiler and Equitable Life Assurance Society of the United States, doing business as Equitable Relocation Service, on counts 1 and 3 of plaintiffs' complaint in the nature of common law and statutory actions for deceit are denied; the motions of all defendants as to count 2 of plaintiffs' complaint alleging an implied warranty of habitability are granted; the motions for summary judgment by Hammill Quinlan, Seiler and Equitable on count 4 of the complaint are granted as to defendants, Hammill Quinlan and Seiler, but denied as to defendant, Equitable; the motions for summary judgment on count 5 of the complaint alleging breach of a fiduciary relationship is granted as to Equitable Life Assurance Society of the United States, but denied as to Hammill Quinlan Realty Co. and defendant, Jean Seiler.

The motion for summary judgment by Equitable Life Assurance Society of the United States, doing

business as Equitable Relocation Service, on the cross-claim of Thomas Cannan and Martha J. Cannan is granted.